McCARTHY (FINLEY v.). See Case No. 4,-794.

## Case No. 8,682.

### McCARTHY v. TRAVELERS' INS. CO.

[8 Biss. 362; 8 Ins. Law J. 208; 7 Reporter, 486.] [1]

Circuit Court, E. D. Wisconsin. Dec., 1878.

ACCIDENT INSURANCE POLICY — TERM "ACCIDENTAL" CONSTRUED—PROXIMATE AND REMOTE CAUSE—BURDEN OF PROOF.

1. On an accident policy of insurance, where the death was alleged to have occurred by reason of the rupture of a blood vessel, sustained while exercising with Indian clubs: *Held*, that if the deceased used the clubs for exercise in the ordinary way, and without the interference of any unusual circumstances, the injury was not accidental; but if there occurred any unforeseen accident or involuntary movement of the body which, in connection with the use of the clubs, brought about the injury, then such means were accidental and within the terms of the policy.

2. By the terms of the policy it was provided that the injury must be the proximate and sole cause of the death: *Held*, that if death ensued as a consequence of inflammation, and the formation of abscesses and the accumulation of injurious substances in the lungs, and these were the necessary results of a rupture of the blood vessel, then such injury was the proximate cause of the death. But if an independent disease supervened upon the injury, or a slumbering disease was brought into activity by the injury, then such injury was not the proximate cause.

3. "Proximate cause" defined.

4. Testimony showing the health of the insured from infancy to his last sickness is admissible.

5. In such case the burden of proving that the death was the result of disease is upon the party alleging it.

Action on an accident insurance policy. The policy provided that in case of injuries effected through external, violent or accidental means, the company should be liable; but that the liability should not extend to any bodily injury of which there should be no external or visible sign, nor to any injury happening directly or indirectly in consequence of disease, nor to any case except where the injury was the proximate and sole cause of the disability or death. It was claimed for the plaintiff that the deceased, while exercising with Indian clubs, ruptured a blood vessel in his lungs, and that his subsequent death was the result of such injury. There was evidence tending to show that one of the clubs struck against a stove, thus causing the injury. It was claimed for the defendant that if there was a rupture as alleged, it happened in consequence of a then weak and actually diseased condition of the lung or lungs, so that indirectly, if not directly, the injury happened as a consequence of such condition, and that no rupture would have occurred if there had been no unsoundness or disease. Evidence was also given bearing upon the question whether any disease supervened between the time of the injury and the death of the deceased, and there was evidence tending to show that deceased suffered from pulmonary consumption after the time of the injury.

[2] [By a policy of insurance issued and dated February 1, 1877, the defendant, the Travelers' Insurance Company, of Hartford, Conn., insured J. J. McCarthy in the sum of three thousand dollars for the term of twelve months, ending February 1, 1878; the sum insured to be paid as provided by the policy to the plaintiff, Honora McCarthy, within ninety days after proof that the insured at any time during the continuance of the policy had sustained bodily injuries, effected through external, violent and accidental means, within the intent and meaning of the contract of insurance and its conditions; and that such injuries alone had occasioned death within ninety days from the happening thereof. By the terms of the policy it was further provided that such insurance should not extend to any bodily injury of which there should be no external and visible sign, nor to any injury happening directly or indirectly in consequence of disease, nor to any death or disability which may have been caused wholly or in part by bodily infirmities or disease existing prior or subsequent to the date of the policy; nor to any case except where the injury was a proximate and sole cause of the disability or death.

[It is alleged on the part of the plaintiff that on the 25th day of May, 1877, the deceased sustained a bodily injury, effected through such means as were within the meaning and intent of the policy, which occasioned his death, and which was the proximate and sole cause of his death; and this action is brought by the beneficiary in the policy, the plaintiff, to recover the amount of the insurance, viz., three thousand dollars and interest. There is no question here as to the issuance of the policy,

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 7 Reporter, 486, contains only a condensed report.]

[2] [From 8 Ins. Law. J. 208.]

the payment of the premium, nor that the death occurred within ninety days from the happening of the alleged injury. The real issue between the parties lies within narrow compass. Stating the issue in general terms, it is claimed by the plaintiff that the death of the insured was occasioned by an injury effected through such means as are contemplated by the policy, and that such alleged injury was the sole cause of the death. The defendant denies this, and claims that the alleged injury, if sustained, was not the sole or proximate cause of the death of the insured, but that his death was caused by disease.][2]

N. S. Murphey and Goodwin & Mitchell, for plaintiff.

H. M. Finch and Lynde & Miller, for defendant.

DYER, District Judge (charging jury). The policy of insurance in this case is of the form and character known as an accident policy. To entitle the plaintiff to recover, it must be shown by the evidence that the deceased sustained a bodily injury, which was effected through means which were external, violent and accidental, and that such injury was the proximate and sole cause of the death, as I shall hereafter more fully explain to you. If a bodily injury was sustained, and it happened directly or indirectly in consequence of disease, or if the death was caused wholly or in part by bodily infirmities or disease, existing either prior or subsequent to the date of the policy of insurance, then the plaintiff is not entitled to recover.

[2] [Taking up the questions involved in this issue you will naturally first inquire whether the insured sustained an injury as alleged by the plaintiff. It is claimed that in the evening of May 25, 1877, the deceased was exercising his arms and chest by the use of so-called Indian clubs, and that while so exercising, and without fault on his part, he ruptured a blood vessel in his lungs, and that his subsequent death was the result of such injury. Testimony has been given by the witness Young, which, it is claimed by the plaintiff, shows that on the occasion in question the insured sustained an internal injury, and it is urged that further evidence of such injury is found in the alleged fact that the deceased expectorated blood in considerable quantities, and in the fact that thenceforth he became disabled, and so continued until the time of his death in August, 1877. You have heard the testimony of the witness Young bearing upon the occurrence when it is claimed the injury was received, and the circumstances attending and following it, together with testimony touching the subsequent physical condition of the deceased, and you will determine from the evidence whether he did sustain a bodily injury at the time, and as claimed. If you find such to be the fact, the question then is, was such injury effected through the means contemplated by the policy? Such means must have been external, and they must have been violent, and they must have been accidental. In other words, gentlemen, the injury, if one was sustained, must have been the result of accidental means. It is true, the provisions of the policy are to be taken most strongly against the party that issued and delivered it; but when its terms are unmistakable and clear, we must deal with them in their obvious sense and meaning.] [2]

A question of considerable nicety has been presented, arising in connection with the evidence under the clause in the policy, which describes the means through which the injury must be effected in order to create a liability. It is a question concerning which my mind has not been free from doubt; but in view of the language of this policy, which requires that the means through which the injury is effected must be accidental, I instruct you that if the deceased voluntarily took in his hands the clubs for exercise, and used them for such exercise in the way and precisely as he intended to do, and without anything occurring to interfere with his intended and usual movements in such exercise; that is, if he voluntarily used them in the ordinary way for taking such exercise, without the occurrence of any unusual circumstance interrupting or interfering with such use, or causing any unforeseen, accidental or involuntary movement of the body, and in such use of the clubs there occurred the rupture of a blood vessel and consequent injury as claimed, I do not think it could then be said that the means through which the injury was effected were accidental. But, if while engaged in such exercise there occurred any unforeseen, accidental or involuntary movement of the body of the deceased, which, in connection with the use of the clubs, brought about the injury; or, if there occurred any unforeseen or any unexpected circumstance which interfered with or obstructed the usual course of such exercise, and there was thereby produced an involuntary movement, strain or wrenching, by means of which the injury was occasioned, that would be an accident within the spirit of this policy; that is, the means by which the injury was effected would in such case be accidental.

[Now, keeping in mind the distinction thus stated between accidental means and those not accidental, you will look into the testimony, and consider whether, if at the time in question a bodily injury was sustained, it was effected through means that were accidental, external and violent. The plaintiff claims, and has given evidence tending to show, that while the deceased was using these clubs in muscular exercise, one of the

clubs struck the stove in the room where he was exercising, and that thereby there was occasioned a sudden and violent movement of his body from its ordinary position in such exercise, and that in consequence there resulted the alleged injury. If this be so, gentlemen, then you would be justified in finding that the injury was effected by accidental means, and upon the evidence you will determine what the fact is upon this branch of the case.

[Though it should be your conclusion that the deceased sustained bodily injury at the time claimed, and while exercising with the clubs, if you should nevertheless find that it was not effected through external, violent, and accidental means, within the meaning of the terms as I have endeavored to state it, then your verdict should be for the defendant.][2]

If you find that an injury was sustained, and through the operation of such means, you will then proceed to inquire whether the injury happened directly or indirectly in consequence of disease then existing in the lungs of the deceased.

This brings us to the affirmative matter set up as a defense to the action. And first, I call your attention to this clause in the policy, namely, that the insurance shall not extend to any injury happening directly or indirectly in consequence of disease. Here is presented to you the question whether, at the time the alleged injury was sustained, the lungs of the deceased, or either of them, were or was diseased.

[On the contrary, it is claimed that disease of the lungs was then in progress, and if there was a rupture of a blood vessel as alleged, it happened in consequence of a then weak and actually diseased condition of the lung or lungs, so that indirectly, if not directly, the injury happened because and as a consequence of such condition, and, if there had been no unsoundness or disease, there would have been no rupture of a blood vessel.

[Now you should look into the claims thus argued by the respective parties upon this point, and determine which is sustained by the evidence. And in doing so you will keep in mind that testimony has been given tending to show that such a condition of the lungs as is claimed to have existed at the time of the autopsy could have begun and proceeded to its culmination after the alleged injury, and as a consequence of it, and that there were no indications of disease apparent before the injury; while, on the other hand, testimony has been given tending to show that such a state of the case was improbable, and that the condition of the lungs, as it is claimed such condition was developed by examinations both before and after death, indicated presence of disease for a long time previous, and that such disease might exist and be in progress without external symptoms and without the knowledge of the deceased.][2]

You will inquire upon this point, in the light of all the evidence, whether the injury, if one was sustained, happened either directly or indirectly in consequence of disease in the lungs of the deceased; and if you so find, that would necessarily require a disposition of the case by you adverse to the plaintiff. But if you do not so find, then you will proceed to inquire whether the death was caused wholly or in part by disease existing prior or subsequent to the date of the policy of insurance. And this is another important question arising upon this branch of the case.

The clauses of the policy bearing upon this question are, that the insurance shall not extend to any death which may have been caused wholly or in part by bodily infirmities or disease existing prior or subsequent to the date of the policy, nor to any case except where the injury is the proximate and sole cause of the death.

This policy of insurance is a contract made between the insurance company and the assured. As such, we must construe and enforce it according to its letter and spirit. It is to be interpreted as the parties made it and as we find it. We have no right to import into it that which it does not contain. We must interpret it fairly and properly, giving to each party equally the benefit of its provisions.

So interpreting and enforcing it, it must be held that if any other cause than the alleged injury, in whole or in part, produced the death of the deceased, there can be no recovery. In other words, to entitle the plaintiff to recover, you must be satisfied that the injury, in the language of the contract, was the proximate and only cause of the death. By proximate cause is meant that cause which directly precedes and produces the effect, as distinguished from the remote cause.

The question is, what was it that caused death? Did the injury, as the proximate and sole cause, produce it, or did other causes supervene and produce death?

[The solution of this question may not be free from difficulty, but you will bring to bear upon it your best judgment in the light of the evidence and of such instructions as I give you on the subject. If a person sustains such an injury as the rupture of a blood vessel in the lungs, and hemorrhage instantaneously follows, and death results from such hemorrhage, the case is free from difficulty, because then the hemorrhage is part and parcel of the injury itself, and death is the direct result of the injury, though it happens because of the loss of an element of the system indispensable to life. But if the hemorrhage be followed by inflammation, and that by the accumulation of deleterious matter in the lungs, and the formation of

abscesses, and so a distinct disease comes into existence, and prosecutes its work until the organs can no longer perform their functions, and consequently the person dies, the question is whether the original injury is the sole and proximate cause of death, or whether it is the remote, and the disease the proximate cause.

[This policy of insurance is, as I have just said, a contract, and as such we must fairly construe it,—i. e. so that it shall be a protection to the insurer against unjust liability, and at the same time so that it shall not be a snare to the insured.] [2]

I have stated to you, generally, the definition of proximate cause. And it must be remembered that whether a cause is proximate or remote does not depend alone upon the closeness in the order of time in which certain things occur. Cunningham v. Lyness, 22 Wis. 245. In other words, the application of the principle relating to proximate cause is not necessarily "controlled by time or distance, nor by the succession of events. An efficient, adequate cause being found must be deemed the true cause unless some other cause not incidental to it, but independent of it, is shown to have intervened between it and the result." Kellogg v. Chicago & N. W. Ry. Co., 26 Wis. 223. Now, applying this principle to this case, I instruct you that if the deceased sustained injury by the rupture of a blood vessel in his lungs, and that necessarily produced inflammation, and that necessarily produced a disordered condition of the injured organ, which was in consequence followed by the formation of abscesses and the accumulation of injurious substances or matter in the lungs, and so there resulted a diseased state of the lungs, whereby they could no longer perform their functions, and in consequence the insured died; that is, if all these results followed the injury as its necessary consequence, and would not have taken place if it had not been for the injury, then I think the injury could be said to be the proximate cause of death. But if an independent disease supervened upon the injury, one not necessarily produced by the injury, or if the alleged injury merely brought into activity a then existing though slumbering disease, and the death of the deceased was caused wholly or in part by such disease, then it could not be said that the injury was the sole and proximate cause of the death. The question for you to determine is, was or was not the diseased condition of the lungs of the deceased which preceded death the necessary consequence of the injury? Was it the injury alone that brought such condition into life and fatal activity?

[Now, it is claimed on the part of the defendant that disease was present in the lungs of the deceased at the time when the alleged injury was sustained; and, if that be not so, disease of the lungs supervened, and that he died, not from that injury, but from the disease known as "pulmonary consumption."] [2]

Testimony has been adduced on the part of the plaintiff to show the state of health of the deceased from his infancy to the time of his last sickness, and witnesses have testified as to the health of his parents, and to the effect that so far as external observation by persons familiar with him and his family could disclose, he was, in his boyhood and to the time of the injury, in sound and vigorous health; all of which testimony it is proper and important that you should consider.

[You have also heard the testimony of physicians who attended him in his sickness, who testify that they made the examination of his lungs which they have described to you, and whose opinions, which they say they then formed, as to the condition of his lungs, have been stated in their testimony. You have further the testimony of physicians concerning the post mortem examination of the body of the deceased, and the condition in which, as it is claimed, his lungs were then found to be.] [2]

It becomes important that you carefully inquire whether the alleged injury was sufficient, in its inevitable consequence, to cause death. It is material to ask whether such a condition of the lungs as was disclosed by the autopsy was produced by the injury and could have come into existence in the time that elapsed between the injury and the death. If there was a diseased condition of the lungs when the injury was sustained and it merely facilitated the progress of the disease, or if a disease such as pulmonary consumption supervened, not as the necessary consequence of the injury, then you cannot say that the injury caused the death. The contrary should be your conclusion if you are satisfied from the evidence that the alleged diseased conditions were wholly dependent for their existence, upon the injury.

[2] [There have been offered in evidence the proofs of death cause to be delivered to the company by the plaintiff, and there has been some discussion as to the effect that should be given to them upon the trial of this cause. The proofs include the certificates of the agent of the company, of the identity of the deceased as the person insured; the certificates of the clergyman and sexton present at the interment; a sworn statement of Frederick Young, as an eye-witness of the alleged injury; also the certificates of the attending surgeon and of the company's surgeon, and the warranty of the plaintiff as to the truth of certain of these statements, certificates and affidavits.

[These proofs of death were admitted in evidence as documents furnished to the company by the plaintiff, and as to certain extent equivalent to her own declarations as the party in interest. I have been asked to

---

instruct you, by counsel for defendant, that the affidavit of Frederick Young should be taken as conclusive evidence of the circumstances, occasion and manner of the alleged injury. This I must decline to do, but I say to you that you have the right to consider the affidavit in connection with the testimony of the witness Young, given on the trial, and as bearing upon his credibility, to see whether any, and if so, what, variances exist between the statements in the affidavit and the present testimony of the witness. To that extent, and as bearing upon the circumstances of the alleged injury, you may take into consideration the contents of the affidavit.

[In view of the qualification at the end of the warranty signed by Mrs. McCarthy, I do not think the statements contained in the affidavit and certificates of the surgeons, which are part of these proofs of loss, are to be regarded as declarations or admissions by her or on her part, and they will not be so considered by you. There is a clause in this policy to the effect that the insurance shall not extend to any bodily injury of which there shall be no external and visible sign. If the alleged injury in this case was sustained as claimed, namely the rupture of a blood vessel, and as a consequence blood was expectorated or thrown off by the deceased, that of course would be an external and visible sign of the injury.] [2]

I have been asked to instruct you concerning the burden of proof in this case. Upon that subject I say to you that neither party is bound to prove negatives. Upon each rests the burden of proving the affirmative matter which he alleges and upon which issue is taken. The plaintiff is bound in the first instance to prove that the deceased sustained injury; that such injury was effected through the means specified in the policy and was sufficient to cause death, and that death ensued. The defendant company, alleging as it does that death was caused by disease and not by the injury, then assumes the burden of proving what it thus affirmatively alleges.

[You ought not, gentlemen, to adopt theories without proof; nor is the jury at liberty to disregard positive uncontradicted evidence of facts testified to by credible witnesses, and substitute therefor bare possibilities. In other words, the jury ought not to disregard, but on the contrary should believe, the testimony of credible witnesses as to facts coming to their personal knowledge, and which are not improbable nor in conflict with or uncontradicted by other evidence in the case, as against what may be bare possibility, on conjecture, or theory.] [2]

Now, to sum up the case in brief: if you find from the evidence, that the deceased, J. J. McCarthy, on the 25th day of May, 1877, sustained the bodily injury which is alleged,

[2] [From 8 Ins. Law J. 208.]

and that such injury was effected wholly through means which were external, violent and accidental, and that the injury was the proximate and sole cause of his death, then the plaintiff would be entitled to recover and should have a verdict.

But if you find, either that the alleged injury was not sustained, or that, if sustained, it was not effected through external, violent and accidental means, or that it happened directly or indirectly in consequence of disease then actually existing, or that death was caused wholly or in part by bodily infirmities or disease existing either prior or subsequent to the date of the policy of insurance, then your verdict should be for the defendant.

Verdict for plaintiff.

McCARTHY (UNITED STATES v.). See Case No. 15,656.

McCARTNEY (ABBOTT v.). See Case No. 12.

McCARTNEY (BLAKE v.). See Case No. 1,498.

McCARTNEY (MERCHANTS' INS. CO. v.). See Case No. 9,443.