THOMAS J. O'BRIEN, AS ADMINISTRATOR, ETC., OF PETER
O'BRIEN, DECEASED, RESPONDENT, *v.* HOME BENEFIT
SOCIETY OF NEW YORK, APPELLANT.

*Insurance contract by mutual benefit society — in an action thereon a money judg-*
*ment is proper — the beneficiary is not obliged to proceed by mandamus to compel an*
*assessment — evidence as to what the assessment would amount to — mistake of*
*agent in filling in the application.*

A certificate of insurance was issued upon the life of one O'Brien by a mutual
benefit society, which agreed, in case of the death of the assured, that his heirs
or assigns should be entitled to all of the amount realized from one assessment
not exceeding $2,000.

In an action, brought upon such certificate of insurance, to which a defense was
interposed that the assured had falsely answered a question propounded to him
on his application for membership, the jury found adversely to the defendant.

*Held*, that the assured was entitled to a money judgment against the mutual benefit
society.

That he was not obliged to take proceedings to compel the assessment to be made,
as, under the certificate of insurance, it was the duty of the defendant to do so.
*Hankinson* v. *Page* (12 N. Y. Civ. Pro. R., 279) followed.

That the amount of the recovery by the plaintiff might properly be determined
upon evidence offered by him, in the form of reports made by the mutual benefit
society to the State Insurance Department, and from the *data* contained in them
tending to show that an assessment, levied according to the terms of the cer-
tificate, should amount to much more than $2,000.

Where the agent of a mutual benefit society by mistake inserts in the application
for the insurance an answer which the applicant does not in fact make, the
mutual benefit society is responsible for the error of the agent, and the erroneous
answer does not constitute a defense to an action brought upon the contract of
insurance after the death of the assured.

APPEAL by the defendant from a judgment entered upon the verdict of a jury, rendered at the Albany Circuit, in the office of the clerk of Albany county on the 6th day of February, 1888, against the defendant for the sum of $2,575.24; and also from an order, entered in said clerk's office on the 10th day of February, 1888, denying the defendant's motion for a new trial made upon the minutes of the judge presiding at the trial.

The action was brought to recover for a breach of a contract of life insurance, and to recover the sum of $2,000 as damages after the death of the assured.

*Charles Blandy,* for the appellant.

*Edwin Countryman,* for the respondent.

INGALLS, J.:

Peter O'Brien became a member of the Home Benefit Society of New York, the defendant herein, on the 25th day of April, 1884, and thereafter until his death, paid to the society the dues required of him. The society delivered to him the following certificate of membership, which he held at his decease:

No. 3261.      CERTIFICATE OF MEMBERSHIP.      $2,000.
   DIVISION B.                              AGE, 59.
      Assessments, $5.50.      Annual Dues, $5.00.

*Annual dues are payable semi-annually, first of January and first of July in each year.*

## HOME BENEFIT LIFE AND ACCIDENT SOCIETY OF NEW YORK.

HOME OFFICE, 98 BROADWAY, N. Y.

This is to certify that Peter O'Brien, of 15 Fayette street, city Albany, State of New York, has paid the sum of twelve dollars, being the amount required on application for membership, and is, therefore, accepted as a member of the Home Benefit Life and Accident Society of New York, in Division B, subject to the conditions and requirements of the amended by-laws, rules and regulations of the society and stipulations contained in the application for membership, and also to the conditions printed hereon.

The membership entitles Peter O'Brien, after the presentation of satisfactory proof of the affliction with disabling injury by acci-

dent of said member, subject to and in accordance with the charter, amended by-laws, rules and regulations of the society, and of the conditions printed hereon, to nine dollars weekly indemnity not exceeding three months; or, if said member shall have become permanently and totally disabled by accident for life, *i. e.,* so as to preclude the possibility of ever following any vocation; or, in the event of death, and upon satisfactory proofs thereof, the membership entitles Peter O'Brien, heirs or assigns, within ninety days after satisfactory proofs have been furnished to the officers of the society at the home office, to all of the amount realized from one assessment, not exceeding $2,000, payable at the home office of the society in New York. Provided said member continues to observe a :d comply with the conditions, requirements and stipulations above referred to, and to duly pay the semi-annual dues and assessments of said society during membership, otherwise the membership, with all moneys to the society, and all claims against the same in his behalf, shall be forfeited, and this certificate shall be null and void, without any notice to said member, or any action being taken by this society.

Given under the seal of the society, at New York, this [L. S.]   25th of April, 1884.

JOHN T. W. KING,
*President.*

GEORGE W. GODWARD,
*Secretary.*

Peter O'Brien died at Albany on the 10th day of January, 1886, and on the following day the defendant was notified of his death. The proofs required to establish the claim for the insurance were furnished to and retained by the defendant. The death of Peter O'Brien was caused by rheumatism, with which he was afflicted at the time he became a member of the society. The defendant refused to pay any part of the amount specified in the certificate, and neglected to make an assessment to raise the money as therein required. Such refusal and neglect were based upon the alleged ground that Peter O'Brien falsely stated, in answer to a question propounded to him, and included in his application for membership, that he had never had rheumatism. The application was prepared by John S. Slingerland, who was, at the time, an agent of the

defendant, and in that capacity conducted the proceeding and inserted in the application the answers of the applicant to the questions asked him. Upon the trial it became a material question of fact whether Peter O'Brien did answer as recorded by such agent, in regard to his ever having had rheumatism, and upon such question there was a direct conflict in the evidence. The court submitted such question of fact to the jury for their determination, by a charge eminently fair and impartial, and the jury found adversely to the defendant. The evidence upon that question is such that the finding of the jury should not be disturbed by this court. If the agent of defendant, by mistake, inserted in the application an erroneous answer, which the applicant did not, in fact, make, the defendant must be held responsible for the error of the agent, and must abide the consequence thereof. (*Flynn and Others* v. *The Eq. Life Ins. Co.*, 78 N. Y., 568; *Higgins* v. *The Phœnix M. L. Ins. Co.*, 74 id., 7; *Grattan* v. *The Metropolitan Life Ins. Co.*, 80 id., 281; S. C., 92 id., 275.) In view of the finding of the jury, and the facts and circumstances of the case, we assume that such answer of the applicant was erroneously inserted by the agent, and, therefore, furnishes no ground for avoiding the claim in question. Regarding the nature of the application and of the certificate granted thereon, and the reciprocal duties, obligations and relations thus created between the parties to the transaction, we are convinced that the same should be regarded in the nature of a contract between the parties thereto; and, upon performance by the applicant of his undertaking, the defendant became obligated to cause the assessment to be made and collected, and to pay to the party entitled thereto the money thus raised, not exceeding $2,000.

The duty of the defendant was plain, and required no direction from the court to enable it to put in operation the machinery by which the money was to be raised by such assessment to pay the claim in question. The defendant, instead of proceeding in that direction, absolutely refused to recognize the claim or any part thereof, and chose to resist the same upon a ground which it was not successful in establishing at the trial, and we perceive no substantial reason why the defendant should not accept the result of the experiment. The plaintiff having notified the defendant of the death of Peter O'Brien, and having furnished the proofs required in support

of the claim under the certificate, and in accordance with the rules and regulations of the society, seems to have performed the requirement of the obligation on his part; and the defendant was called upon to cause the assessment to be levied in order to discharge its obligation. We discover no substantial reason for casting upon the plaintiff a burdensome and expensive proceeding in the court to compel an assessment, when it was not only the duty of the defendant to cause it to be made, but it possessed every facility for accomplishing the same. We are convinced that this action is proper in form and can be maintained. (*Freeman* v. *The National Ben. Society*, 42 Hun, 252; *Fulmer* v. *The Union Mutual Association*, 12 N. Y. S. Rep., 347; *Hankinson* v. *Page*, 12 N. Y. Civil Pro. Rep., 279.) In the case last cited the court, at page 288, say: "Upon refusal to make the assessment it would be liable at law for such sum as might have been collected if it had fulfilled its undertaking. It would not be permitted to allege that nothing was due the plaintiff because of its own default in doing what it had agreed to do." The plaintiff upon this trial seems to have sufficiently supplied by evidence, which was competent, the failure of proof, for the lack of which the new trial was granted by this court. (*O'Brien* v. *Home Benefit Society*, 46 Hun, 426.) The evidence thus furnished certainly tends strongly to show that an assessment would be likely to produce the amount required to satisfy the plaintiff's claim specified in the certificate.

We have examined the exceptions taken by defendant's counsel during the trial, which are not involved in the foregoing discussion of the case, and, without stopping to discuss them in detail, we remark that we have discovered no error in the rulings of the court which can have materially prejudiced the defendant's case, and which requires a reversal of the judgment.

The judgment must be affirmed and a new trial denied, with costs.

LEARNED, P. J., and LANDON, J., concurred.

LANDON, J.:

The contract is to be fairly construed; its terms, so far as they are plain, must govern; special phrases of equivocal meaning are not to be resolved so as to defeat the manifest purpose of the entire contract. One party intended to purchase insurance the other to sell it,

and the instrument must be constructed so as to support that intention. The defendant, upon performance as specified on the part of the assured, promised to pay to his heirs in the event of his death, not a fixed sum, but "all of the amount realized from one assessment, not exceeding $2,000." The defendant also agreed that upon the death of the assured it would assess the members of the society according to a printed schedule contained in its by-laws. It did not agree to assess some and not all, not those in one division and except those in another division, but all of them; and it agreed to pay to the heirs of the assured "the *pro rata* of the amount so derived," not exceeding $2,000. This, the contract says, means "all of the amount realized from one assessment, not exceeding $2,000." The defendant refused to levy any assessment and refused to pay the plaintiff. It put its refusal upon the ground of fraud in procuring the certificate. The issue of fraud has been determined upon this trial against the defendant. Accepting, the verdict in that respect, the case stands that the defendant unjustifiably refused to levy the assessment and pay the proceeds to the plaintiff. It ought to pay him, and the only question is, how much? When the case was here upon a former appeal there was no evidence tending to show what amount could be realized from one assessment, and there was no evidence in the case by which to measure the amount of the plaintiff's recovery. The plaintiff had recovered the largest possible sum without evidence tending to show that any sum could be realized from an assessment. It seemed to me that, in an action at law to recover a sum of money on contract, the plaintiff must prove as a part of his case facts enough to enable the jury to compute the amount due him. No method of ascertaining the amount in an action at law was then presented or suggested, and, not knowing that any was available to the plaintiff, I suggested that possibly the plaintiff would be obliged to have recourse to equity in order that the proper assessment should be levied, collected and its proceeds paid to the plaintiff.

But upon the retrial the plaintiff has availed himself of the reports made by the defendant to the State Insurance Department, and from the data contained in them has submitted evidence tending to show that an assessment levied according to the terms of the contract would amount to much more than $2,000. By the contract the defendant does not agree to levy the assessment unless the con-

dition of its funds makes an assessment necessary; in other words, whether it shall levy an assessment in order to pay the plaintiff is a matter for it to decide. It is true that the amount of the assessment may be more than the amount "derived" or "realized" from it, but in the absence of an actual test it is the best evidence obtainable; and since better evidence, namely, the actual levy and collection, is withheld by the defendant, it should not be heard to complain of the absence of evidence caused by itself. If the defendant had performed its contract it would have paid the plaintiff $2,000. Not performing it, it owes him $2,000, and hence the recovery is right. The defendant complains that its testimony, tending to show that an assessment would not have produced $2,000, was improperly excluded. All the offers of testimony were based upon propositions at variance with the contract with the assured respecting the assessment. It is no answer to the plaintiff that the defendant's agreements with its other members would not permit it to make the assessment which the contract calls for. I concur for affirmance.

LEARNED, P. J., concurred.

Judgment affirmed, with costs.