| | |
|---|---|
| 52 | 255 |
| 55 | 576 |
| 117a | 319 |
| 52 | 255 |
| 60 | 542 |
| 52 | 255 |
| 92 | 258 |
| 52 | 255 |
| | 8ap133 |
| 52 | 255 |
| 43ap489 |  |
| 52h | 255 |
| 51ad610 |  |

MARCIA E. PECK, RESPONDENT, v. THE EQUITABLE ACCIDENT ASSOCIATION OF BINGHAMTON N. Y., APPELLANT.

*Accident insurance certificate—in what form and under what circumstances a recovery may be had thereon—what is "direct and positive proof" of death by "external, violent and accidental means."*

By a certificate of membership, issued to one Ira Peck, the defendant, The Equitable Accident Association, agreed to pay to the plaintiff a sum to be realized by an assessment not to exceed $5,000 within sixty days after due and satisfactory proof should be filed with its secretary, that said Peck had, while a member, sustained injuries effected through external, violent and accidental means, and that such injuries alone had occasioned death within ninety days from the happening thereof. Said certificate also contained the following condition: "Benefits under this certificate shall not extend, * * * to any cause of death or personal injury, unless the claimant under this certificate shall establish *by direct and positive proof* that the death of the person injured was caused by external, violent and accidental means, and was not the result of design either on the part of the member or of any other person."

On Thursday, March 24, 1887, and within the life of the certificate, the arm of said Ira Peck was broken; how, in what manner, under what circumstances or at what place he was at the time it was broken did not appear. At seven o'clock P. M., on that day, he was in front of the Vanderbilt House, in the city of Syracuse. At twelve o'clock of the same day he was, with his arm broken, at his rooms in that city, where the fracture was reduced. On the following Tuesday he was taken ill quite suddenly with severe pains in his chest and lungs, from which he was relieved, and was convalescent for a week or ten days, when he was again attacked in a similar manner, and on April 12, 1887, he died.

The evidence introduced by the plaintiff tended to show that the cause of his death was embolism or thrombus, which was the direct result of his arm being broken, while the evidence of the defendant tended to show that his death was caused by pneumonia, and that the breaking of his arm was not the cause of his death.

In an action, brought by the beneficiary named in the policy to recover $5,000 and interest:

*Held,* that the evidence was sufficient to justify the trial court in finding that the fracture of the defendant's arm alone caused his death, and that it was the sole and proximate cause thereof. ·

That the requirements of the certificate as to "direct and positive proof" did not make it necessary that the plaintiff should establish the fact and attendant circumstances of the decedent's injury, by persons who were actually present when the injury occurred.

That the fact that the injury was caused by external violence was directly and positively established by the proof given of the nature and character of his injury.

That the presumption, if any, was that his injury was caused by accidental means rather than that it was the result of design either on the part of the decedent or of any other person. ·

That it was not to be presumed that his injury was self-inflicted, or that it was intentionally inflicted by any other person.

The certificate provided that the principal sum agreed to be paid should be realized upon an assessment, in accordance with the provision of the by-laws of the association within sixty days after due and satisfactory proof should be filed with its secretary of the injuries sustained.

It was found by the trial court that if an assessment had been levied as provided by such policy, it would have produced at least $5,000, and that the plaintiff was entitled to a judgment for that sum, with interest and costs.

*Held,* that this action was maintainable in its present form.

*Freeman* v. *National Benefit Society of New York* (42 Hun, 252); *Fulmer* v. *Union Mutual Association* (12 N. Y. State Rep., 346); *Hankinson* v. *Paige* (12 Civ. Pro. R., 279, 288); *O'Brien* v. *Home Benefit Society of New York* (21 N. Y. State Rep., 640, 643) followed.

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of Onondaga on the 26th day of December, 1888, recovered upon a trial at the Onondaga County Circuit before the court without a jury.

The action was upon a certificate of membership, issued to one Ira Peck by the defendant, which was in the nature of a policy of insurance against accident. It, among other things, provided that the defendant would pay, at its office in Binghamton, N. Y., to the plaintiff the principal sum, not exceeding $5,000, realized upon an assessment in accordance with the provisions of its by-laws, within

sixty days after due and satisfactory proof should be filed with its secretary that said Peck had, while a member, sustained injuries effected through external, violent and accidental means, and such injuries alone had occasioned death within ninety days from the happening thereof. It also provided that such certificate was issued and accepted subject to the conditions, provisions, limitations and exceptions therein contained or referred to, together with the classification of hazards embraced therein, and all of the provisions of the rules, regulations and by-laws of the defendant which were made a part of the contract between the parties.

Among the conditions which were made a part of such certificate or policy were the following : " That benefits under this certificate shall not extend * * * to any death or disability which may have been caused wholly or in part by bodily infirmities or disease existing prior or subsequent to the date of this certificate, * * * nor to any case except where the injury is the proximate and sole cause of the disability or death, * * * and these benefits shall not be held to extend * * * to any cause of death or personal injury, unless the claimant, under this certificate, shall establish, by direct and positive proof, that the death or personal injury was caused by external violence and accidental means, and was not the result of design either on the part of the member or of any other person."

The defense consisted of denials of the complaint and allegations that the assured falsely represented his age; that his death was caused wholly or partly by bodily infirmities or by disease existing prior or subsequent to the date of the certificate ; that the alleged injury was not the sole or proximate cause of his death, and that the proper pooofs of the injury were not furnished as required by the policy. On Thursday, March 24, 1887, and within the life of this certificate, the arm of the said Ira Peck was broken. How, in what manner, under what circumstances, or at what place he was at the time it was broken, does not appear. At seven or eight o'clock P. M. on that day he was in front of the Vanderbilt House, in the city of Syracuse. At eleven or twelve o'clock of the same day he was at his rooms in that city with his arm broken. The fracture was reduced. On the following Tuesday he was taken quite suddenly

with severe pains in his chest and lungs.   From this he was relieved and was convalescent for a week or ten days, when he was again attacked in a manner similar to the first, and from that time he gradually grew worse until April 12, 1887, when he died.

The evidence introduced by the plaintiff tended to show that the cause of his death was embolism or thrombus, which was the direct result of his arm being broken, while the evidence of the defendant tended to show that his death was caused by pneumonia, and that the breaking of his arm was not the cause of his death.   Upon this evidence the trial court found : " That the said Ira Peck, on the 24th day of March, 1887, met with an accident whereby his arm was fractured, and thereby sustained bodily injuries effected through external, violent and accidental means within the intent and meaning of said contract of insurance and the conditions thereto annexed ; that thereafter, and while said contract and policy of insurance was in full force and effect, said Ira Peck died at Syracuse, N. Y., on the 12th day of April, 1887, and that said bodily injuries, sustained by said Ira Peck aforesaid, directly produced a disease of the lungs, called by the physicians pneumonia, thrombus and embolism, respectively, from which he died, and the said accident, therefore, alone occasioned the death of said Ira Peck within ninety days from the happening of the same."   It also found that if an assessment had been levied as provided by such policy, it would have produced at least $5,000, and that the plaintiff was entitled to a judgment for $5,000, with interest thereon from August 1. 1887, together with the costs of this action.

*O. W. Chapman,* for the appellant.

*W. G. Tracy,* for the respondent.

MARTIN, J. :

The questions chiefly litigated on the trial, and the only questions presented for our consideration on the argument of this appeal were : 1. Whether the decedent's injury was the proximate and sole cause of his death.   2. Whether the fact that the decedent's death or injury was caused by external violence and accidental means was established by direct and positive proof within the intent and meaning of the policy.   3. Whether the decedent made false statements

as to his age.  4. Whether this action could be maintained in its present form.

We are of the opinion that the evidence was sufficient to justify the trial court in finding that the fracture of decedent's arm alone caused his death, and that it was the sole and proximate cause thereof.  (*McCarthy* v. *Travelers' Ins. Co.*, 8 Biss., 362; *Barry* v. *U. S. Mutual Accident Association*, 23 Fed. Rep., 712; *National Benefit Association of Indianapolis* v. *Grauman*, 107 Ind., 288.) It must be admitted that there was no evidence by any witness who saw the decedent when he was injured, as to the particular manner in which his injury was caused.  But the requirement of this certificate as to direct and positive proof did not make it necessary that the plaintiff should establish the fact and attendant circumstances of the decedent's injury by persons who were actually present when the injury occurred.  The fact that the injury was caused by external violence was directly and positively established by the proof given of the nature and character of his injury.  We think the presumption, if any, was that his injury was caused by accidental means rather than that it was the result of design, either on the part of the decedent or of any other person.  It was not to be presumed that his injury was self-inflicted, nor that it was intentionally inflicted by any other person.  The evidence was sufficient to justify the trial court in finding that the injury sustained was caused by accidental means.  But the more difficult question is, whether it was established by such direct and positive proof as the certificate required.  While this question is not free from doubt, still we are inclined to the opinion that the proof was sufficiently direct and positive to answer the requirements of the certificate.  (*Travelers' Ins. Co.* v. *McConkey*, 127 U. S. 661, 666; *Mallory* v. *Travelers' Ins. Co.*, 47 N. Y., 52.)

There was not sufficient evidence that the decedent made any false statement as to his age to defeat the recovery in this action, and the court properly so held.  That the plaintiff could maintain this action in its present form seems to be established by the cases of *Freeman* v. *National Benefit Society of New York* (42 Hun, 252); *Fulmer* v. *Union Mutual Association* (12 N. Y. State Rep., 346); *Harkinson* v. *Page* (12 Civ. Pro. R., 279, 288); *O'Brien* v. *Home Benefit Society of New York* (21 N. Y. State R. 640, 643).

These considerations have led us to the conclusion that the judgment appealed from should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.