FANNIE MARTIN, RESPONDENT, *v.* THE EQUITABLE ACCIDENT ASSOCIATION OF BINGHAMTON, NEW YORK, APPELLANT.

*Accident insurance policy — payable by an assessment upon the members of the company — necessity in an action thereon of an allegation and proof as to what sum the assessment, if made, would produce.*

An action was brought upon a certificate of membership issued by an equitable accident association, which provided that in case of the death of the assured the asssociation would pay the principal sum, not exceeding $1,000, realized upon an assessment made in accordance with the provisions of its by-laws.

The by-laws provided that the association would pay to the person named in the application for the insurance "the amount collected from all the members of the association at the time of accident, upon an assessment of one dollar upon each half-rate member, and, in addition, in case of full-rate certificate, two dollars, and of a half-rate certificate, one dollar upon each full-rate member."

On the trial no proof was given to show what amount would have been realized
if the defendant had made the assessment provided for by the certificate; nor
was there any allegation in the complaint to that effect.
*Held*, that the plaintiff was properly nonsuited.

APPEAL by the defendant from a judgment, entered in the office
of the clerk of the county of Oswego on the 13th day of August,
1889, after a trial at the Oswego Circuit before the court and a jury,
which latter rendered a verdict in favor of the plaintiff for the sum
of $1,044.60; upon the coming in of which a motion was made upon
the minutes of the justice presiding at the trial, upon the exceptions
taken upon the trial, and on the grounds that the verdict was con-
trary to law and contrary to the evidence, and against the weight
of evidence for a new trial, which motion was denied.

This action was founded on a certificate of membership issued by
the defendant, which was in the nature of a policy of insurance
against accident. It was issued to John H. Martin, and provided
that in case of his death the defendant would pay the plaintiff the
principal sum, not exceeding one thousand dollars, realized upon an
assessment made in accordance with the provisions of section 1 of
article 4 of the defendant's by-laws, which provided that the
defendant shall pay the person named in the application " the
amount collected from all the members of the association at the time
of accident, upon an assessment of one dollar upon each half rate
member, and in addition, in case of full rate certificate, two dol-
lars, and of a half rate certificate, one dollar, upon each full-rate
member."

On the trial no proof was given showing or tending to show what
amount would have been realized if the defendant had made the
assessment provided for by its certificate. Indeed, there was neither
allegation nor proof that any sum whatever would have been realized
from an assessment by the defendant according to the provisions of
its policy. At the close of the evidence the defendant moved for a
nonsuit on the ground that the plaintiff could not maintain this form
of action on the policy, and also on the ground that the plaintiff had
not " made out a cause of action." This motion was denied, and the
defendant excepted.

The case was then submitted to the jury, and it rendered a
verdict for the plaintiff for $1,044.66. A motion was thereupon

made by the defendant on the minutes of the trial judge to set aside the verdict, and for a new trial upon the exceptions, and because the verdict was contrary to the evidence and contrary to law. This motion was also denied.

The defendant appealed from the judgment entered on such verdict, and also from the order denying the defendant's motion for a new trial.

*David Murray,* for the appellant.

*Mead, Stranahan & Spencer,* for the respondent.

MARTIN, J.:

The only question we deem it necessary to consider is, whether the recovery in this action can be upheld when there was neither allegation nor proof that the plaintiff sustained any damage because of the defendant's failure to perform its contract. The defendant's contract was that it would pay the amount realized from an assessment of its members, not exceeding $1,000. Thus the measure of the defendant's liability was the sum which would have been realized from such an assessment, if made, unless it exceeded such limitation. With no allegation or proof of the amount which would have been realized upon such an assessment, or that any amount would have been realized, it is difficult to see how the verdict in this case can be sustained. While it has been held in a number of cases that an action at law can be maintained upon such a contract, still the same cases are to the effect that in such an action, before the plaintiff can recover, he must prove facts sufficient to enable the jury to compute the amount due thereon. (*O'Brien* v. *Home Ben. Soc. of N. Y.*, 21 N. Y. St. Rep., 640; affirmed, 27 id., 326; *S. C.*, 11 id., 810; *Freeman* v. *Nat. Ben. Soc.*, 42 Hun, 253; *Fulmer* v. *Un. Mut. Assn.*, 12 N. Y. St. Rep., 347; *Hankinson* v. *Page*, 12 Civ. Pro. Rep., 279; *Peck* v. *Equitable Acc. Assn. of Binghamton, N. Y.*, 52 Hun, 255; *Fitzgerald* v. *Equitable R. F. L. Assn.*, 24 N. Y. St. Rep., 494; *Darrow* v. *The Family Fund Soc.*, 27 id., 476.) As there was no such proof in this case, we think the verdict was not sustained by the evidence, and that the court erred in denying the defendant's motion for a new trial.

Judgment and order reversed and a new trial granted, with costs to abide the event.

MERWIN, J., concurred.

HARDIN, P. J.:

It is suggested that the ground upon which the opinion of MARTIN, J., proceeds for a reversal was not sufficiently taken at the trial. There was no allegation in the complaint of the amount which would have been realized upon an assessment, or that an assessment would have yielded any amount. There was no proof given upon that subject by the plaintiff. In the fifth answer of the defendant it was stated: " That the plaintiff has no right to have or maintain this action." At the close of the evidence, in stating the grounds for a motion for a nonsuit, the defendant took the position, viz.: " That in this case, from the proofs presented, there can be no recovery"; also, the further position that " the plaintiff cannot maintain this form of action on the policy." In response to the last ground the court inquired, " Is there any such question raised by your pleadings ?" and the counsel for the defendant replied affirmatively and referred to the fifth answer. The court made an observation to the effect that he was of the opinion that the answer was inadequate, and thereupon ruled and decided, viz.: " I will not nonsuit on that ground ?" Thereafter counsel for the defendant stated, viz.: " I wish to make the general motion on the ground that the plaintiff has not made out a cause of action." The motion was denied and the defendant excepted. In delivering the charge to the jury the court observed: " The amount of your verdict, if for the plaintiff, will be $1,044.66." Doubtless an exception would have been taken to that branch of the charge if the court had not, when the motion for a nonsuit was under consideration, made the rulings which have been quoted. Upon the record, as made up, it seems the attention of the court was called to the question, and apparently was understood by the court and its ruling made in the face of the objection taken in the double language used by the appellant, first: " That the plaintiff cannot maintain this form of action on the policy;" and, secondly: " That the plaintiff has not made out a cause of action."

In *Freeman* v. *The National Benefit Society* (42 Hun, 253), proof was given that an assessment upon the members liable to contribute to the death fund " would have produced a fund sufficient to pay the plaintiff's claim." No such proof was given in this case. The stipulation in the policy in this case was to pay to the plaintiff " the principal sum, not exceeding $1,000, realized upon an assessment, in accordance with the provisions of section 1 of article 6 of its by-laws as printed on the back of this certificate."

In section 1 of article 6 the provision was that the association shall pay " the amount collected from all of the members of the association at the time of accident upon an assessment of one dollar upon each half-rate member, and in addition, in case of full rate certificate two dollars, and of a half-rate certificate one dollar upon each full-rate member, however not to exceed the amount named in the deceased member's certificate, which payment shall also be subject to diminution to the extent of the weekly indemnities paid to such member within six months preceding such death."

In *O'Brien* v. *Home Benefit Society of New York* (11 N. Y. S. R., 814) in the opinion, LANDON, J., says, viz. : " In the present case the agreement is that ' all of the amount realized from one assessment, not exceeding $2,000,' is payable. To recover in an action at law it must be necessary to show what is the amount realized from one assessment. It may be more or less than $2,000. In the absence of evidence there can be no presumption that it will equal $2,000, for that sum is specified as the greatest sum payable, thus clearly implying that it may be less."

A recovery in Peck against this defendant was upheld (52 Hun, 256), but in that case it was found by the trial court " that if an assessment had been levied, as provided by such policy, it would have produced at least $5,000, and that the plaintiff was entitled to a judgment for $5,000, with interest thereon from August 1, 1887, together with the costs of this action." There was no proof given in the case now before us that an assessment would have yielded " $1,044.66 " or any other sum. If it could be successfully maintained, as has been suggested, that the plaintiff was entitled to recover at least nominal damages, that would not furnish an answer to the rulings made nor justify a refusal of the trial judge to refuse the motion for a new

trial made upon the minutes on the ground that the verdict was against evidence as the verdict was for $1,044.66.

The foregoing views lead me to concur in the opinion of MARTIN, J., favoring a reversal.

Judgment and order reversed on the exceptions, and a new trial ordered, with costs to abide the event.