HARRY D. CRAM AND OTHERS, BY GUARDIAN, RESPONDENTS, *v.* THE EQUITABLE ACCIDENT ASSOCIATION OF BINGHAMTON, N. Y., APPELLANT.

*Mutual accident association — recovery under a certificate thereof — necessity of evidence as to the amount which an assessment would produce — effect of misrepresentations in the application.*

A certificate of membership in an accident association provided that the association would pay to the heirs of the assured "the principal sum, not exceeding four thousand dollars, realized upon an assessment, in accordance with the provisions of section one of article six of its by-laws as printed on the back of this certificate."

In an action brought to recover upon this certificate it appeared that the assured had died, and that the plaintiffs had demanded of the association that an assess-

ment be made for the purpose of paying the loss resulting from the death of the assured, but that the defendant refused to make such assessment. There was no allegation in the complaint, nor evidence given on the trial, as to what amount would have been realized from such an assessment, if one had been made.

The court instructed the jury that if they found in favor of the plaintiffs they should find for the full amount of $4,000.

*Held*, in the absence of evidence showing what amount would have resulted from the making of an assessment, in accordance with the by-laws of the association, that such instruction to the jury was error.

The application for the insurance was, by the terms of the certificate, subject to the condition "that all the statements and representations contained in the Application for this Certificate are warranted to be correct and true in all respects, and if this Certificate * * * has been * * * obtained through misrepresentation * * * then the same shall be absolutely null and void."

This application for the certificate required an answer to the following question "4th. Occupation? If more than one, name them all?" Which was answered, "Oil producer;" and also to the following question: "State the duties required of you under that occupation." Which was answered: "Supervising only." The undisputed evidence was to the effect that the insured had a small lease of oil lands, upon which he had two or more wells, which he managed and operated himself, doing every part of the work alone, which could be done by one man; that he attended his own boilers, ran his own engine, pumped his own wells, "pulled" his wells and made his own repairs without assistance, except upon extraordinary occasions.

*Held*, that the representation made by the assured was incorrect, and that the certificate was, for that reason, void.

EXCEPTIONS ordered to be heard in the first instance at the General Term, the entry of judgment upon the verdict in favor of the plaintiff to be in the meantime suspended.

The trial was had at the Cattaraugus County Circuit on the 4th day of September, 1889, before the court and a jury, at which a verdict was rendered in favor of the plaintiffs in the sum of $4,000, with interest from December 10, 1887.

The action was brought for the purpose of recovering the amount claimed to be due from the defendant upon a certificate of membership issued by the defendant to one Harry D. Cram, since deceased, by the terms of which, in the event of the death of said Harry D. Cram, occasioned in a manner specified in the certificate, the defendant undertook to pay to his heirs "the principal sum, not exceeding four thousand dollars, realized upon an assessment, in accordance with the provisions of section one of article six of its by-laws as printed on the back of this certificate."

*D. Murray*, for the motion.

*J. R. & M. B. Jewell*, opposed.

Dwight, P. J.:

The action was on a certificate of membership of the defendant association, issued to one Harry D. Cram, since deceased, by which, in the event of the death of the member, occasioned in a manner specified, the defendant undertook to pay to his heirs " the principal sum, not exceeding $4,000, realized upon an assessment, in accordance with the provisions of section 1 of article 6 of its by-laws as printed on the back of this certificate ; " and the section referred to prescribed the time and mode of making such assessment. The death of the member occasioned in the manner specified ; the service of notice of the death, as required, and of due proofs of loss, were alleged and proved and were not disputed. The plaintiffs also alleged and proved that, after the expiration of the time prescribed by the by-laws, the plaintiffs duly demanded of the defendant that an assessment be made for the purpose of paying the loss, but that the defendant refused to make such assessment. There was no allegation in the complaint nor evidence on the trial of what amount, if any, would or might have been realized from such an assessment if one had been made.

At the close of the plaintiffs' case the defendant moved for a nonsuit on the ground of the lack of evidence of the character last mentioned, and that motion was renewed and a motion made for the direction of a verdict for the defendant at the close of the evidence, on the same ground, all of which motions were denied and the defendant excepted. These rulings of the court were undoubtedly correct, and the several exceptions of the defendant thereto unavailing, because upon the undisputed evidence (the validity of the certificate being, for this purpose, conceded) the defendant had been guilty of a breach of its contract to make an assessment, and the plaintiffs were entitled to recover at least nominal damages.

But the court having submitted to the jury to find upon another question of fact, which will be noticed later, instructed them that if they found in favor of the plaintiffs, they should find for the full amount of $4,000. To this instruction the defendant excepted, and

the exception was doubtless well taken and must entitle the defendant to a new trial. Whatever the evidence, short of proof of an amount actually realized on an assessment, the question of the measure of damages must have been a question for the jury. (*O'Brien* v. *The Home Benefit Society*, 117 N. Y., 310.) In the case cited the court say : " The plaintiff was, therefore, entitled to recover something, and what was the measure of his damages? Just what he lost by the defendant's breach of its contract. He was entitled to have an assessment made and collected, and the proceeds thereof paid to him. What was the contract worth to him, *and what would the assessment have produced for him ?* It was incumbent upon the plaintiff to give evidence which would enable the jury to answer these questions." In that case the evidence, which was held sufficient for the purpose, is not disclosed in the case as reported, but, by reference to the record, we find that it consisted of the last previous annual report of the defendant to the insurance department, showing, among other things, the number of certificates outstanding in each class and, consequently, the number of persons liable to assessment for a given amount, to pay the plaintiffs' claim.

In this case, on the other hand, there was, as we have said, no evidence showing or tending to show how much an assessment, made in accordance with the by-laws of the defendant, would have produced for the benefit of the plaintiffs, and, therefore, no evidence upon which the jury could have based a verdict in their favor for more than nominal damages. (*O'Brien* v. *Home Benefit Society, supra ; Martin* v. *Equitable Accident Assn.*, 29 N. Y. St. Rep., 421, and the cases there cited.)

The other question in the case, already referred to, arises upon a statement in the application in writing for membership, made by the deceased. The undertaking of the defendant, contained in the certificate, was, by its terms, subject to several provisions and conditions, among which was "the express agreement that all the statements and representations contained in the Application for this certificate are warranted to be correct and true in all respects ; and if this certificate * * * has been * * * obtained through misrepresentation * * * then the same shall be absolutely null and void." The application was in evidence ; it contained, among other questions to which full and explicit answers were required to be

given, the following: " 4. Occupation? If more than one, name them all." Which was answered: " Oil producer." Also the question: " State the duties required of you under that occupation." Which was answered: " Supervising only." The answer of the defendant averred that this statement or representation was untrue, and that the breach of the warranty in this respect rendered the certificate null and void.

The undisputed evidence on this branch of the case was to the effect that the insured had a small lease of oil lands upon which he had two or more wells which he managed and operated himself, doing every part of the work alone which could be done by one man. That he tended his own boilers, ran his own engine, pumped his own wells, " pulled " his wells and made his own repairs, without assistance, except upon extraordinary occasions. Some testimony was given, first on the part of the plaintiffs, under the defendant's objection, and afterwards on the part of the defendant, for the purpose of showing what was meant or understood in the oil country, by the terms " supervisor " or " supervising " of oil wells or territory. It may well be questioned whether expert testimony was admissible to explain the meaning of terms of such common use and plain significance as those in question. But being admitted, it proved nothing beyond what was apparent before and might as well have been conceded, namely, that the insured was an oil producer supervising his own business. The fault of his application was that it represented that his duties in connection with that occupation were those of " supervising *only*." This representation was manifestly incorrect. He did not merely or only supervise the work on his oil lease; he did the work with his own hands. So that when he was asked what duties belonged to his occupation as an oil producer, he could not truly answer " supervising only." That the representation was material to the risk admits of no doubt. The hazard is manifestly different in the cases of two men engaged in the production of oil, the one in the capacity of a supervisor or overseer only, and the other as an actual operative in all branches of the work; at once the fireman, engineer, pumper, " well puller," and repairer of machinery. It was, therefore, clearly error for the court to submit to the jury, as it did, the question whether the representation mentioned was true or false. The evidence on

the subject being undisputed and capable of but one construction, demonstrated that the representation was false in fact.

The question is presented on this motion, by two exceptions taken by the defendant; the one an exception to the denial of the defendant's motion for a nonsuit, made at the close of the evidence, on the ground that the undisputed evidence showed that the statement in the application was false, and, therefore, the certificate was void; the other an exception to the submission of the question to the jury. Both of these exceptions seem to have been well taken and, as well as the exception first considered, to furnish good ground for the motion for a new trial.

MACOMBER and CORLETT, JJ., concurred on the ground first stated.

Defendant's motion for a new trial granted, with costs to abide the event.