MEYERS *v.* UNITED LIFE INS. ASS'N.

*(City Court of New York, General Term.* December 17, 1891.)

ACTION ON ASSESSMENT POLICY—SUFFICIENCY OF COMPLAINT.

Plaintiff brought an action on a life insurance policy for $2,000, issued on the assessment plan, alleging that she had been fraudulently induced by defendant's agent to accept $1,000 in satisfaction thereof. The policy entitled plaintiff to receive only such sum as could be realized from a death assessment not exceeding $2,000. *Held,* that the complaint was fatally defective, in failing to allege that defendant realized, or could have realized, more than $1,000 from a death assessment.

Appeal from special term.

Action by Elizabeth Meyers against the United Life Insurance Association. From a judgment sustaining a demurrer to the complaint plaintiff appeals. Affirmed.

Argued before FITZSIMONS and McCARTHY, JJ.

*Harry Wilber,* for appellant. *A. H. Reavey,* for respondent.

FITZSIMONS, J. The defendant issued to the plaintiff's husband a policy of insurance on February 29, 1891, payable to plaintiff upon her said husband's death, (within 90 days after proof of his death,) in a sum of money equal to the amount received from a death assessment, but not to exceed the sum of $2,000. Plaintiff's husband died April 1, 1891. The action is brought to recover the full amount of said policy. The complaint alleges the issuance of the policy, death of plaintiff's husband, and that due proof thereof was given to defendant, and that they fully performed all the conditions of said insurance on their part. It further alleges that on or about May 1, 1891, the defendant, through its agent, falsely and fraudulently represented to plaintiff that she was not entitled to anything under said policy, but that defendant would pay her $1,000; that she had better accept, otherwise she would not receive one dollar; that, relying upon such statements, she was induced to and did accept $1,000; that these statements were false, in that plaintiff was entitled to receive, and that there was due her under said policy, the sum of $2,000, which was known to defendant; and that, therefore, she was damaged $1,000, for which amount she demands judgment. The defendant demurred to the complaint, upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the order entered this appeal is taken.

The plaintiff under the policy in question was entitled to receive only a sum equal to the amount received from a death assessment, not to exceed $2,000. To entitle plaintiff to a recovery in this action, it became her duty to allege in her complaint that the defendant realized, or could have realized, from a death assessment, more than the sum of $1,000; because if the defendant only received, or could have received, as the result of levying one death assessment, the sum of $1,000 or less, the plaintiff certainly suffered no damage, no matter what statements were made to her. She had no right to more than the result of one assessment, and, if that did not exceed the sum paid her by defendant, she is not entitled to a judgment herein for any amount. We cannot presume that the sum received, or which might have been received, was or might have been larger than $1,000. That is a fact which she must allege affirmatively in her complaint, fixing the amount in excess of that sum, and prove it upon the trial of the action. There is no such allegation in the complaint. *Martin* v. *Association,* (Sup.) 9 N. Y. Supp. 16; *O'Brien* v. *Benefit Society,* 46 Hun, 426. The statements in paragraph 8 of the complaint are mere legal conclusions, and do not supply the omissions indicated. We are therefore of the opinion that the special term justice erred in overruling the demurrer. The order of July 10, 1891, and the interlocutory judgment entered July 31, 1891, must be reversed, with costs to appellant, with leave, however, to plaintiff to amend the complaint herein within six days from notice of entry of general term judgment.