Case 48—PETITION ORDINARY—February 8.

# Couadeau v. American Accident Company.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. ACCIDENT INSURANCE—PEREMPTORY INSTRUCTION.—Where in an action upon an accident insurance policy it is shown that the insured was found dead in the water, the jury have the right to presume that he came to his death by accidental drowning, and plaintiff is entitled to have the question submitted to them.

2. SAME.—Where the plaintiff has first made out his case it is not within the province of the court to take its consideration away from the jury on the proof of the defendant, unless such proof is in the nature of an absolute bar to the recovery. Therefore, in an action upon an accident insurance policy in which one of the defenses was that the insured came to his death while under the influence of intoxicating drinks, which, if true, was by the terms of the policy a bar to a recovery, the fact that the uncontradicted testimony for defendant showed that the insured was drunk when last seen alive, under circumstances which created a strong probability that in a short time thereafter and while in the same condition he accidentally fell into the river in which his dead body was afterward found, did not authorize the court to give a peremptory instruction to find for defendant, as the testimony showed only a probability, though a strong one, that the insured was drunk at the time of his death.

3. ERROR IN GRANTING NEW TRIAL.—Although the lower court erred in setting aside a former verdict for plaintiff upon the ground that it was against the evidence, this court will not now direct a judgment to be entered for plaintiff upon that verdict, for while it has in some cases given such a direction, yet where, as in this case, the defense is supported by strong probabilities, and in the opinion of the trial judge presents an absolute bar to a recovery, the court is not inclined to apply that rule.

4. SAME—EXCLUSION OF DEPOSITIONS.—Although the court upon the former trial erred in overruling exceptions to defendant's depositions upon the ground that the witnesses resided within twenty miles of the court house, this court will not treat the case as if the depositions had not been read, and for that reason direct the entry of judgment upon the first verdict, as the defendant should not be prejudiced by the court s error, but have an opportunity to produce the witnesses at another trial.

O'NEAL, PHELPS & PRYOR for appellant.

1. Where a new trial is improperly awarded and the second verdict is for

Couadeau v. American Accident Co.

the party obtaining the new trial, it will be ordered by the Court of
Appeals to be set aside and judgment entered on the first verdict.
(Hutcheson v. Plummer, Sneed, 322; Brevard v. Graham, 2 Bibb, 177;
LeGrand v. Baker, 6 Mon., 243; Meek & McCall v. Patton, 12 Ky.
Law Rep., 796.)

2. The court erred in granting the new trial upon the ground that the
weight of the evidence was that the deceased was under the influence
of liquor when the accident resulting in his death occurred.

3. Exceptions to the depositions read by the defendant should have been
sustained. (Civil Code, sec. 554; Gillespie v. Gillespie, 2 Bibb, 90;
Johnson v. Fowler, 4 Bibb, 521; Gilly v. Singleton, 3 Litt., 250;
Taylor v. Whitney, 4 Mon., 366; Tolly v. Price, 17 B. M., 411.)

4. The court should not have given peremptory instruction upon the
second trial of the case, but should have submitted to the jury the
question as to whether or not the drowning was accidental. (Trew v.
Passengers Ins. Co., 6 H. & N.; Mallory v. Travelers Ins. Co., 47
N. Y., 52; Travelers Ins. Co. v. McConkey, 127 U. S., 661; Peck
v. Equitable Ins. Ass'n, 52 Hun, 255; United States Mutual Acci-
dent Co. v. Barry, 131 U. S., 100; Allen v. Willard, 57 Pa. St., 380;
Whitney v. Cliffner, 57 Wis., 157; McDonald v. Refuge Assurance
Co., 27 Scottish Rep. (July 23, 1890), 764; Winspear v. Accident
Ins. Co., 6 L. R. & S. B. Div., 42; 7 American Reporter, 410.)

B. F. BUCKNER FOR APPELLEE.

1. It is unnecessary for appellee to prove that drunkenness contributed to
the accident, for if the condition of the deceased at the time of the
accident was that of being under the influence of intoxicating drinks,
there was a breach of the fundamental terms of the policy, which
rendered it void without regard to whether that condition did or did
not contribute to the accident. (Shader v. The Railway Passenger
Assurance Co., 66 N. Y., 441.)

2. There being no countervailing testimony to overcome the unimpeached
testimony of four or five witnesses as to the decedent's condition,
"the plaintiff failed to make out his case," and a peremptory instruc-
tion was proper. (Ky. Cent. R. Co. v. Talbot, 78 Ky., 622.)

3. The court did not err in granting a new trial after the first verdict. (16
Am. and Eng. Ency. of Law, pp. 503, 554; New Jersey Flax Co. v.
Mills, 26 N. J. L., 60; Chicago R. Co. v. Stumps, 69 Ill., 409; Blake
v. McMullin, 91 Ill., 32; Wood v. Barker, 49 Mich., 295; McAfee
v. Robinson, 41 Texas, 355.)

The action of the trial court in granting a new trial is entitled to
great weight on appeal. (16 Am. and Eng. Ency. of Law, 692; Albion
Consolidated Mining Co. v. Richmond Mining Co., 19 Nev., 225.)

4. The exceptions to depositions were properly overruled on the first trial,
because they were not filed before the commencement of the trial.
(Estham v. Curd, 15 B. M., 102; Civil Code, sec. 587.)

5. If the court did err in permitting the depositions to be read on the first trial, the error was not prejudicial to appellant, because the jury found for appellant notwithstanding the error. Nor will the court exclude the depositions in considering the sufficiency of the evidence to support the first verdict and order judgment for appellant upon the verdict as if the depositions had not been read. The defendant should not be prejudiced by the court's error, if any, but should have an opportunity to produce the witnesses at another trial.

6. There were no exceptions to the depositions on the last trial, and therefore the court did not err in admitting them.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Eugene Couadeau, the husband of the appellant, held an accident policy of insurance for $5,000 on his life in the appellee company.

The petition of the appellant, filed in the Jefferson Court of Common Pleas, avers that on or about the 14th day of March, 1890, the exact time being unknown, her husband, " through external, violent and accidental means, fell into, or by some means got into, the Ohio River or canal, and was drowned."

The answer consists of a denial of knowledge or information of any injury or accidental means causing death, or that the required notice of death and attending circumstances had been given, and alleged the existence of one of the conditions operating under the terms of the policy to exempt the company from liability, namely, that death happened to the insured while he was " under the influence of intoxicating drinks," and that his death was "the result of his intoxicated condition."

On the first trial of the case, which occurred in November, 1891, it was shown by the appellant that the insured left his home for his place of business at the usual hour on the morning of March 14, 1890, in sound condition mentally and physically; that he was prosperous in busi-

ness and happy in his domestic relations; that he went through the day in his usual good humor and spirits, and was always of temperate and industrious habits. That while not a "teetotaler," he was never known to get drunk or under the influence of intoxicants, and was not so on the day in question. That though he stated to his wife he would return at the usual hour, he had been missing for weeks, and his body was finally found in the river without marks of violence on it, and with his watch and some money in his pockets and a ring on his finger.

It was shown that the deceased resided with his family, consisting of a wife and four children, at Nineteenth and Baird streets, in the city of Louisville, and only a short distance from a canal, over which there was a bridge with low railings, and from the river, which, at the time mentioned, was very high and covered the lowlands in the vicinity of the home of the deceased.

The judgment of the coroner was that the deceased had come to his death from accidental drowning.

The appellee introduced proof to the effect that the deceased was in the habit of spending his Saturday evenings at Weber's saloon on Market street, where, on the night of the 14th of March, he was first seen about six o'clock; that he remained there until about half-past twelve o'clock engaged in playing cards for the drinks, and became very drunk according to some of the proof, and moderately under the influence of liquor according to others. That after leaving the saloon he was assisted to a coupe, having first ascertained the price of his fare and getting some money changed to pay the driver. He was driven to the corner at lower Nineteenth street and helped out, where the driver testifies he left him alone holding to a lamp-

post in a helpless condition, not able to take care of himself, and at some distance from his residence. Upon this state of fact, the jury, after proper instruction, found a verdict for the appellant for the amount of the policy, and judgment was accordingly rendered in her favor.

Thereafter, the court sustained the motion of the appellee for a new trial upon the sole ground that the verdict was "contrary to the weight of the evidence," the court saying the proof was clear that "the deceased was under the influence of intoxicating liquor when drowned, which, under the policy and instructions, entitled the defendant to a verdict."

A second trial was had in June, 1892, upon the same proof theretofore offered. It was, in fact, merely formal, because the court had already reached the conclusion that the proof entitled the company to a verdict. The jury were therefore peremptorily instructed to so find. It is the contention of the appellant that the court erred in granting the new trial, and that therefore this court should reverse the judgment last rendered, with directions to enter the one rendered upon the first verdict. The appellee insists that the new trial was properly granted, and there being no error in the last one, the judgment should be affirmed.

It seems to be conceded that the burden of showing the death of the insured to have been the result of an accident was on the appellant, and of showing that the insured came to his death while under the influence of intoxicating drinks was on the appellee.

That the first proposition was sufficiently established by the proof to require its submission to the jury seems reasonably clear. There is not a circumstance pointing

in the least degree to the death of the insured by suicide. Nor was there the slightest evidence of violence or foul play upon his body, even if such would prevent recovery under the contract. It can at least be said that it seems to be a case of accidental drowning, and comes up, therefore, to the requirements of the contract of insurance.

In Trew v. Passengers' Assurance Company, 6 Hurl & N., 838, Chief Justice Cockburn said: " It appears that the insured went to Brighton for recreation, and there is no reason to suppose that he intended to commit suicide. He left his lodgings for the purpose of bathing; his clothes were found by the waterside, but he himself was not afterward seen. The body was found in the water a distance from where he went to bathe. . . . If they (the jury) found that he died in the water, they might reasonably presume that he died from drowning." And the non-suit ordered by the judge below was held to be error.

In Mallory v. Travelers Insurance Company, 47 N. Y., 52, it was shown "that the insured disappeared on Sunday evening, when he was seen walking on the railroad track; the body was found in a creek which passed under the railroad through a culvert. A motion was made for a non-suit on the ground that there was no evidence to go to the jury of death by accident. But this motion the court refused to allow, and left it to the jury to find whether death ensued by accident or not;" and on appeal it was held "that the circumstances attending the finding of the body were sufficient to require a submission to the jury of the question whether the death of the insured was the result of accident or suicide, or of some cause

not insured against." Said the court further: "It is true that the actual cause of death is not certainly proved by the evidence in the case, but when considered in connection with the presumption that sane persons do not ordinarily commit acts, the probable consequence of which will be self-destruction, it was sufficient to justify the inference that the deceased fell off, or was hurled off by a violent blow from the culvert into the stream below and was drowned."

It is settled law that mere " circumstances, sufficient to support a verdict, should be submitted to the jury," and that "the plaintiff is not bound to prove his case so clearly that it excludes the possibility of any theory." (Allen v. Willard, 57 Pa. St., 380; Whitney v. Clifford, 57 Wis., 157.)

In Winspear v. Accident Insurance Company, 6 L. R. Q. B. Div., 42, it was said: " When a man is found dead in the water he may be presumed to have come to his death by drowning, and not by fits or otherwise." The rule, therefore, seems to be that where a man comes to his death by accidental drowning, or by suicide, the presumption will be in favor of the accident, rather than in favor of the suicide. (Mallory v. Travelers Ins. Co., 47 N. Y., 52.)

But yet, with all this, the case put by the appellee is not met; for with the conclusion reached that the plaintiff had so made out a case of accidental drowning as to entitle her to have it go to the jury, the question remains, did not the proof of the defendant so conclusively establish that the death of the insured happened while he was under the influence of intoxicating drinks as to require a non-suit? In such case, when the plaintiff is held to

have made out a case, the proof of the defendant, to en-
title him to a non-suit, must be conclusive—must destroy
and wholly eradicate the case of the plaintiff. Thus, if
A sues B on a promissory note and is met with an admit-
tedly genuine receipt against it, the bar to recovery is
complete. If the plaintiff first make out his case, it is
not within the province of the court to take its considera-
tion away from the jury on the proof of the defendant,
unless such proof is in the nature of an absolute bar to
the recovery. And now, while in the case under con-
sideration, the appellant fails to show the precise cause
of the death of her husband, so, likewise, was the ap-
pellee unable to show his condition precisely at the time
of his death. This, for the manifest reason that there is
not a particle of proof as to when he met his death. The
circumstances with all the sadly interesting features are
to be scrutinized by the jury. The body of this prosper-
ous and contented man, once happily surrounded by
wife and children, of temperate and industrious habits,
of intelligent business forethought, when last described
in the proof in preparing for his conveyance home, was
found in the water. It is shown that on the night of the
14th of March, when last seen alive by any of the wit-
nesses in the case, he was under the influence of intoxi-
cating liquors. The inference—the probability—may be
strong that he was in that condition at the time he met
his death, but certain it is that the proof is silent on that
supreme question. We know the dead body was found
in the water; that it bore the evidence of an accidental
drowning; that the presumption, without such evidence,
is in favor of the conclusion that death was accidental,
rather than intentional. But we do not know that *at the*

*time of the accident* the unfortunate victim was under the influence of intoxicating liquors.    The case should therefore be heard and determined by the jury.

There is a question as to the competency of the proof offered by the appellee on the condition of the deceased on the night of March 14th.    The proof was in the form of depositions, when the witnesses resided within twenty miles of the court house.    It can hardly be told whether the exceptions were filed before or after the commencement of the trial.    We are inclined to think they are shown to have been filed before, and if so, they should have been sustained; and if sustained, then there is no evidence whatever in support of the defense that the insured was intoxicated or under the influence of liquors at the time of his death.    For this reason it is insisted that this court should act on the case as if the depositions had not been read, and enter the first judgment.    But manifestly, as forcibly put by counsel for the appellee, "if the court committed an error in overruling the exceptions to the depositions, and the defendant went to trial upon the supposition that the court was correct in its rulings, and this court should decide that the lower court erred in overruling the exceptions, common justice would require that the defendant should not be prejudiced by the court's error, but should have an opportunity to produce the witnesses at another trial."

While in some cases this court has directed the entry of the first judgment when it has erroneously been set aside, yet in a case where the defense is supported by strong probabilities, and in the opinion of the trial judge

presents an absolute bar to a recovery, we are not inclined to apply the rule contended for.

The judgment is therefore reversed, with directions to grant the appellant a new trial on principles consistent with this opinion.

95  289
99  145
95  289
101  475

95  289
112  721

95  289
119  295
119  299
e119  301

CASE 49—PETITION  EQUITY—FEBRUARY 8.