ADA S. DE VAN, Respondent, *v.* THE COMMERCIAL TRAVELERS' MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

*Accident insurance — drowning is a death by "external, violent or accidental means" — presumption against suicide — whether the insured was intoxicated at the time of his death and whether that was its cause are questions for the jury — sufficiency of proofs of death.*

Involuntary death by drowning is a death by "external, violent or accidental means," within the meaning of a policy of accident insurance.

Where it appears that a violent death was the result either of accidental injuries or of a suicidal act of the deceased, the presumption is against suicide.

The questions whether an insured person was under the influence of intoxicating liquors at the time of his death, and whether the death occurred in consequence thereof, should be submitted to the jury for its decision under all the circumstances of the case.

Where proofs of death have been made on blanks furnished by an insurance company, and the company has retained such proofs of death from the twenty-ninth of January until the third of April, the time when it refused to pay the claim of the insured, the company is estopped from objecting to the proofs of death as insufficient.

APPEAL by the defendant, The Commercial Travelers' Mutual Accident Association of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 6th day of February, 1895, upon the verdict of a jury rendered after a trial at the Oneida Circuit, and also from an order entered in said clerk's office on the 16th day of February, 1895, denying the defendant's motion for a new trial made upon the minutes.

*M. W. Van Auken*, for the appellant.

*S. M. Lindsley*, for the respondent.

MERWIN, J.:

This action is based on a certificate of membership issued by the defendant to Theodore J. De Van, the husband of the plaintiff, on the 17th day of March, 1888, in and by which the defendant, for certain considerations therein named, agreed to pay to the plaintiff the sum represented by the payment of two dollars by each member of the association, not to exceed the sum of $5,000, " within ninety days after satisfactory proof shall have been duly filed with its secretary that the said Theodore Jay De Van, at any time during the continuance of this membership, shall have sustained bodily injuries, effected through external, violent or accidental means, within the intent and meaning of this contract, and the conditions hereto annexed, and such injuries alone shall have occasioned death within ninety days from the happening thereof."

In one of the conditions annexed it was provided that the benefits under the certificate should not extend " to any case except where the injury is the approximate and sole cause of the death or disability, or when the injury may have happened while the member was, or in consequence of his having been, under the influence of intoxicating drinks, or to any death or personal injury, unless the claimant under this certificate shall establish, by direct and positive proof, that the death or bodily injury was caused by external, violent and accidental means, and was not the result of design on the part of the member."

The defenses were : (1) That the insured committed suicide ; (2) that his death occurred in consequence of his having been under the influence of intoxicating liquors ; (3) that it occurred while he was under the influence of intoxicating liquors ; (4) that the claimant did not establish, by direct and positive proof, that the death was caused by external, violent and accidental means, and was not the result of design on the part of the member.

The body of De Van, the insured, was found between five and six o'clock in the morning of July 16, 1893, in the canal at the foot of Mulberry street in the city of Syracuse, at or near the termination of a sidewalk running up to the margin of the canal, and which was then unprotected. There had previously been a bridge there, and one was then in process of construction. De Van was last seen

alive about two o'clock of that morning at or near a hotel in that vicinity. It was a very warm and muggy night, and the claim of the plaintiff is that the decedent, in attempting to cross the canal, accidentally fell in and was drowned.

It was practically undisputed that De Van came to his death by drowning. Involuntary death by drowning is a death by external, violent and accidental means, within the meaning of a certificate or policy of the kind here in question. (*Tucker* v. *Mut. Ben. Life Ins. Co.*, 50 Hun, 51; *Manufacturers' Acc. Ind. Co.* v. *Dorgan*, 58 Fed. Rep. 954; 2 Bacon Ben. Soc. § 484.) Where, from the facts of the case, it appears that a violent death was the result either of accidental injuries or of a suicidal act of the deceased, the presumption is against the latter. (*Mallory* v. *The Travellers' Ins. Co.*, 47 N. Y. 52.)

Very clearly the question whether the decedent committed suicide was for the jury. There was direct and positive proof as to the cause of the death and of the surrounding circumstances, from which it was for the jury to say whether or not the death was the result of design on the part of the member. The character or grade of the evidence was, we think, sufficient to answer the requirement of the condition on that subject. (*Peck* v. *Equitable Acc. Association*, 52 Hun, 259; *Utter* v. *Insurance Co.*, 65 Mich. 545; 2 May on Ins. [3d ed.] 1191.)

The main question in the case relates to the defense that the death occurred when the insured was under the influence of intoxicating liquors. This proposition the jury in effect answered in the negative, and the claim of the appellant is that the verdict in that regard is against the evidence. It was shown on the part of the appellant that De Van was at Syracuse on the night of Wednesday, July twelfth, and that at divers occasions from that time until a short time before he was found drowned in the canal, he drank intoxicating liquor. No doubt the jury might have found from the evidence that he was under the influence of liquor when he fell into the canal, but whether they should necessarily have found that is another question.

One of the witnesses for the defendant, who was with the decedent a large portion of Friday night and Saturday, testified that when he last saw him, about half-past six Saturday evening, he was all

right. On the part of the plaintiff it was shown by Mr. Larrabee, who for several years had business dealings with De Van, that he, De Van, came into the office of the witness about four o'clock in the afternoon of Friday, July fourteenth, and remained there about an hour, so that the witness had an opportunity to observe whether he was under the influence of liquor, and that at that time there was no indication of his being intoxicated, or that he had been drinking, and that in his judgment he was perfectly sober. Mr. Young, the partner of Larrabee, was present on the same occasion, and corroborates the evidence of Larrabee. Mr. Mills, who was with De Van for several hours Saturday night and up to a short time before he was found drowned, and was the last person who saw him alive, testified that although during the night De Van drank several times he was not intoxicated, and that he couldn't say that he was under the influence of liquor. This witness also described the situation and appearance of De Van during the night, and when he left him. Another witness testified that ten o'clock or a little after on Saturday night, De Van came into a restaurant where she was at work, talked with her and remained a short time, and that there was no indications in the least that he had been drinking.

Whether or not De Van was at the time of the accident in the condition claimed by the appellant was a matter of inference to be drawn not only from such oral evidence as the jury considered credible, but also from all the surrounding circumstances that appeared in the case. It was peculiarly a question for the jury, and their conclusion should not, we think, be disturbed. The case of *Couadeau* v. *Am. Acc. Co.* (95 Ky. 280) seems to be quite in point as to the right of plaintiff to have the question determined by the jury.

For similar reasons the question whether the death occurred in consequence of the insured having been under the influence of intoxicating liquors, was for the jury.

It is suggested by the appellant that the proofs of death furnished by the plaintiff to the defendant were not sufficient. Blanks were used that were furnished by defendant, and the proofs were delivered to the defendant on the 29th of January, 1894, within the time allowed by the certificate. They were retained by the defendant and not objected to, and, on the 3d of April, 1894, the defendant

refused to pay the claim. The defendant is not in a position to object to the proofs. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410.) The judgment should, we think, be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.