(43 App. Div. 487.)

LANDON v. PREFERRED ACC. INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. INSURANCE — ACTION ON ACCIDENT INSURANCE POLICY — EVIDENCE — DEATH FROM ACCIDENT.

Evidence that deceased, a man 53 years old, left his office in New York about 2 o'clock in the afternoon in good spirits; that he said he was going to Staten Island to make some calls, and invited a friend to go with him; and that his body was found 8 days afterwards floating in the water of New York Bay, with no marks of violence upon it, and with a frothy mucus in the mouth, such as is found where a person has been in the water, and, struggling, getting water into his lungs, and of a character which excluded the idea of epilepsy,—is sufficient to sustain a verdict of death resulting proximately and solely from accidental causes.

2. SAME.

In an action on a policy of accident insurance, evidence is admissible of a declaration by the deceased, when he was last seen alive, that he was going on business to a place near where his body was afterwards found.

Appeal from trial term, Kings county.

Action on a policy of accident insurance by Minnie B. Landon against the Preferred Accident Insurance Company of New York. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hamilton Wallis, for appellant.

William S. Lewis (Haleyon M. Close, on the brief), for respondent.

HATCH, J. This action is brought to recover upon a policy of accident insurance issued by the Preferred Mutual Accident Association, and assumed by the defendant. By the terms of the policy, Mills H. Landon became insured against the effects of bodily injury by external, violent, and accidental means. If, from such injury alone, death resulted within 90 days from the happening thereof, the defendant agreed to pay Minnie B. Landon, the plaintiff and wife of the deceased, the sum of $5,000. A condition of the policy is that no recovery for death shall be had unless it be established that such death resulted proximately and solely from accidental causes. The evidence established the death, and that such death was caused by drowning. It was not contended upon the trial, nor is it now contended, but that death by drowning is a death produced by external and violent means. Such is the law. Tucker v. Life Co. (Sup.) 4 N. Y. Supp. 505; Winspear v. Insurance Co., 6 Q. B. Div. 42. By the concession of counsel for the appellant, made upon the trial, the issue became narrowed to the single question of whether the death was occasioned solely by accidental means; that is to say, were the jury authorized, upon the evidence, to say that death was caused solely by accident? This case, like many others which have preceded it, is destitute of direct proof of the happening of any accident to the deceased which resulted in the drowning. It appeared that he was about fifty-three years of age and lived with his wife at 94 Decatur street, Brooklyn. He was in the agency collecting business, and had an office in the city of New York. On the morning of October 21, 1897, he left home to go to his business as usual, and was then in good spirits. A little after 2 o'clock of the same day he was at his office, in the Potter Building, and Mr. H. M. Close, who had an office in the same place, conversed with him. Deceased asked Mr. Close if he wished to go to Staten Island with him. Close asked if he was going on business or pleasure, and deceased replied that he was first going to see Gus Peters, and then going to Staten Island to make some calls,—some collections. Mr. Close declined to go, and immediately left the office, deceased remaining. So far as gathered from the record, no one saw the deceased alive after that time. On the 29th day of October following, his body was found floating in the water of New York Bay, opposite Maple avenue, Clifton, Staten Island. When removed from the bay, water flowed from the mouth and nose in quite a free stream. The physician who examined the body on its removal from the water found no marks of violence on it. He found a frothy mucus issuing from the mouth, of a character which excluded the idea of the presence of epilepsy, and such as is found in a case where a person has been immersed in "water, and, struggling, getting the water into the lungs." The body was clothed, and indicated that it had been in the water from 7 to 10 days. In the pockets were found two gold watches, a Masonic badge, and some other trinkets. It is upon this testimony that the court submitted as a question for the jury to find whether or not the

drowning was the result of accident. It is easily seen that the question was narrow, and the evidence meager. But we are convinced that the affirmative answer which was returned is not without evidence and authority to sustain it. The deceased left home in good spirits. He was afterwards at his office, engaged about his business. He declared that it was his purpose to go to Staten Island, and invited his office associate to accompany him. His body was found near the shore of Staten Island, showing unmistakably that life was lost by drowning, and indicating a struggle while .in the water. Arising out of these facts are two presumptions,—one, that he did not commit suicide (Mallory v. Insurance Co., 47 N. Y. 52); the other, that his death was not caused by the intentional act of another person (Peck v. Association, 52 Hun, 255, 5 N. Y. Supp. 215). These presumptions are of fact, and, until overthrown by proof, stand as facts established. Insurance Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360. The declaration of the deceased that he intended going to Staten Island, and the finding of the body near its shores, indicate with sufficient certainty that death ensued while he was carrying out his declared intention. In this respect the evidence from which to find that death was accidental is quite as strong and convincing as were the facts appearing in Mallory v. Insurance Co., supra; Peck v. Association, supra; Insurance Co. v. McConkey, supra; De Van v. Association, 92 Hun, 256, 36 N. Y. Supp. 931, affirmed on appeal in 157 N. Y. 690, 51 N. E. 1090; Washburn v. Society (Sup.) 10 N. Y. Supp. 366. The declaration of intention and the finding of the body furnish the equivalent of circumstances appearing in these cases showing that the deceased when last seen was walking towards the place near which the body was found. In the Washburn Case there were no circumstances shown, except the finding of the body, the revolver, some money, and trinkets. There was no evidence of any struggle, and his only declaration when last seen was that he was going away. ,

It is said that the declaration of the deceased in the present case, as to his intention to go to Staten Island, was improperly received, and should have been excluded upon the objection which was made. We think otherwise. The declaration is a circumstance, the same as any other act would have been. It tended to explain and account for the presence of the body at the point where it was found, and to show that its being in that locality was consistent with a normal act. Its tendency was to show that the ensuing death was accidental in occurrence, as it authorized the inference that he acted from a fixed purpose, in a natural manner, and as his usual business called him to act. The rule as to declarations in the absence of parties has obviously no application to such a case. Upon the main question, therefore, the court was correct in submitting the case to the jury, and their finding is sufficiently supported by the evidence to be controlling upon us.

Nothing which appears in Whitlatch v. Casualty Co., 149 N. Y. 45, 43 N. E. 405, is in conflict with this result. The point in that case arose upon the charge, which was that the burden of proof was upon the defendant to show by a fair preponderance of evidence that

the deceased took his like with suicidal intent. The court held the charge error, and laid down the rule that the burden of proof to show that the death was accidental was upon the plaintiff. It was always held upon the facts in that case that such question was for the jury, and it was so recognized by the court of appeals and by this court. Whitlatch·v. Casualty Co., 21 App. Div. 124, 47 N. Y. Supp. 331. The court in its charge in the present case recognized the rule as established by the court of appeals, and in a clear, full charge laid before the jury the correct rules of law which were to govern them in their consideration of the case. There was not a request to charge which was subsequently asked by either party which tended to the enlightenment of the jury beyond that which they had already received, and the court would have been abundantly justified if it had refused to charge further. It is clear that in what was thereafter said by the court the defendant was not prejudiced.

The judgment should therefore be affirmed.

Judgment and order affirmed, with costs. All concur.