SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. FANNIE BOEHME.

Decided November 7, 1906.

**1.—Special Judge—Refusal to Act—Exchange of Judges—Jurisdiction.**

The regular judge of the District Court being disqualified the parties agreed upon a special judge who tried the case; upon appeal the judgment was reversed and the cause remanded; the special judge having moved from the county in which the case was pending refused to return and try it again; thereupon the regular judge certificated to the Governor his disqualification, and the Governor ordered an exchange with the district judge of an adjoining district, naming him; the exchange was made, and the case tried by the judge of the adjoining district. Held, the trial and judgment were lawful and valid.

**2.—Insurance—Death—Suicide or Accident—Burden of Proof.**

A benefit certificate contained the following provision: "If the member holding this certificate should die . . . by his own hand or act, whether sane or insane . . . this certificate shall be null and void and of no effect." The evidence was circumstantial, and conflicting as to whether the death of the member was by suicide or accident and would support a verdict for either theory. Held, the burden of proving suicide being upon the insurer, the verdict of the jury finding that the death was accidental should not be disturbed.

Appeal from the District Court of Brazos County. Tried below before Hon. Ed. R. Sinks.

*Doremus & Butler,* for appellant.

*Brietz & Young* and *V. B. Hudson,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case, the former being from a judgment in favor of the present appellant. The opinion of the Court of Civil Appeals of the First District on the first appeal will be found reported in 85 S. W. Rep., 444, and 10 Texas Ct. Rep., 720, and of the Supreme Court, on a certified question, in 98 Texas, 376, 84 S. W. Rep., 422, and 11 Texas Ct. Rep., 794.

The suit was brought by Fannie Boehme against the appellant upon a benefit certificate issued by the latter to Otto Boehme, the husband of appellee, for the sum of $2,000 and made payable to his wife upon his death.

The defendant pleaded that Otto Boehme, on the 6th of February, 1903, committed suicide by intentionally shooting himself; and for that reason, the defendant, by the express terms of the certificate, was not liable thereon. It further pleaded, that Boehme after the issuance of the certificate became so far intemperate as to impair his health, by reason whereof it was not liable on the certificate.

The case was tried before a jury and judgment rendered on its verdict in favor of the plaintiff.

*Conclusions of Fact.*——It was admitted by the parties on the trial that Otto Boehme, on the 10th of November, 1899, became a member of Brazos Camp, No. 104, of the Woodmen of the World, located at Bryan, Texas, and continued his membership until February 6th, 1903, the date of his death; that during the period of his membership, up to said date, he was in good standing, having paid all dues and demands of the fraternity. And that the benefit certificate sued on was in full force and effect at the time of his death; and that proof of his death was made and delivered to defendant company as provided for in its rules, regulations and bylaws. The facts proved by the uncontroverted evidence show appellant's liability on the certificate to appellee for the amount sued for, unless one or both of the defenses interposed by defendant were shown. We do not think that the evidence was such as to establish either of these defenses. The reason for this conclusion will be given in passing upon the assignments of error which question the sufficiency of the evidence to support the verdict.

*Conclusions of Law.*——The first assignment complains that the court erred in not setting aside the verdict and judgment, on defendant's motion for a new trial, because Judge Ed. R. Sinks, before whom the cause was tried, was without jurisdiction to try the same, for the reason that at the September term, 1903, of the District Court of Brazos County, Judge W. G. Taliaferro was selected and agreed upon by the parties to try the case; that in pursuance of the agreement he took the required oath and tried the cause at that term of court, and at such trial a judgment for defendant was rendered, which on appeal to the Court of Civil Appeals was reversed; that Judge Taliaferro is still qualified to try the cause, has never become disqualified and alone has jurisdiction, and not Judge Sinks, and that therefore the judgment is void.

The facts, as shown by the record, relative to this assignment are: that J. C. Scott, the judge of the District Court of Brazos County, was, when the suit was filed and ever since has been, disqualified to try the case; that, as stated in the assignment, the Hon. W. G. Taliaferro was, on account of the disqualification of Judge Scott, agreed upon by the parties at the September term of the court as special judge to try the cause, and that he qualified as special judge under such agreement and proceeded to try the case at that term of the court, at which judgment was rendered for the defendant, which was afterwards reversed and the cause remanded by the Court of Civil Appeals for a new trial; that prior to the trial of the cause at the term at which the judgment before us was rendered Judge Taliaferro moved from Brazos County and refused to return and serve as special judge in the trial of the case. Whereupon the Hon. J. C. Scott, having been advised of the fact that Judge Taliaferro had declined to try the case, notified the Governor of his disqualification. Upon such notification, the Governor designated the Hon. Ed. R. Sinks, Judge of the Twenty-first Judicial District, it being an adjoining district, to exchange districts with Judge

Scott and try the case, and notified Judges Scott and Sinks of the order; that in pursuance of said designation and order said judges exchanged districts for the purpose of disposing of this case, and Judge Sinks tried the same at the term at which the judgment appealed from was rendered.

In view of the facts stated, there can be no doubt that the District Court of Brazos County, with Judge Sinks presiding in obedience to the order and designation of the Governor, had jurisdiction to try this case. (Sayles' Rev. Stats., art. 1069.) Therefore the assignment is overruled.

The second assignment of error is: "The verdict and judgment rendered in the case are wholly without evidence legally sufficient to support same; are contrary to the law and the evidence, and wholly against the great weight and preponderance of the evidence, which shows conclusively that the said Otto Boehme on the 6th day of February, 1903, committed suicide by taking his life intentionally with a gun." Otto Boehme's application for membership in the Order of the Sovereign Camp of the Woodmen of the World contains this stipulation: "I agree that in the event of my death by my own hand or act, whether I am at the time sane or insane, that my beneficiary certificate in said order shall be null and void and of no effect;" and the beneficiary certificate contains this further provision: "If the member holding this certificate should die . . . by his own hand or act, whether sane or insane . . . this certificate shall be null and void and of no effect." The fact is uncontroverted that Boehme came to his death by a gun shot while alone in his room at night, on the 6th of February, 1903. Whether he intentionally fired the gun or it was fired by accident is the issue. The evidence on the issue is purely circumstantial. If the deceased intentionally fired the gun there can, under the circumstances, be no doubt that it was for the purpose of killing himself. The evidence upon the issue is quite voluminous, and after considering it in all its bearings as thoroughly and carefully as we could we are unable to say that no other conclusion can be deduced from it by men of ordinary intelligence than that the gun was intentionally discharged by the deceased. He might have intentionally shot it himself; or it may have been accidentally discharged by him. We can not tell which from the circumstances disclosed by the evidence. It is consistent with either theory. One mind might reach the conclusion that deceased intentionally fired the gun; another, with as much reason, might arrive at a contrary conclusion; and others might be unable to form any definite conclusion on the issue from the evidence. So the determination of the issue must depend upon the question—Upon whom was the burden of proof as to the issue? We take it the rule is well established that if death by any cause, save such as are excepted by the terms of the policy, has been insured against the burden of proof is on the insurer to show that death resulted from the excepted cause. (Freeman v. Traveller's Insurance Co. (Mass.), 12 N. E. Rep., 372; Cronkhite v. Traveller's Ins. Co. (Wis.), 43 N. W. Rep., 731; Piedmont & A. L. Ins. Co. v. Ewing, 92 U. S., 371; Keen v. Accident Assn., 161 Mass., 149, 36 N. E. Rep., 891; Sutherland v. New England Mut. Ins. Co., 87 Ia., 505,

54 N. W. 453; Jenkin v. Pacific Ins. Co., 131 Cal., 121, 63 Pac. Rep., 180.) In the case last cited it is said: "That the courts will presume that the death was the result of an accident, when nothing more is shown than that it was brought about by a violent injury, and the character of such injury is consistent with the theory of accident, seems to be a rule upheld by the great weight of authority"—citing Traveller's Ins. Co. v. McConkey, 127 U. S., 661, 8 Sup. Ct., 1360, 32 L. Ed., 308; Mallory v. Traveller's Ins. Co., 47 N. Y., 52; Cronkhite v. Same, 75 Wis., 116, 43 N. W. Rep., 731; Traveller's Ins. Co. v. Sheppard, 85 Ga., 751, 802, 12 S. E. Rep., 18; Standard Ins. Co. v. Thornton, 40 C. C. A., 564, 100 Fed. Rep., 582, 49 Law Rep. Ann., 116; Stephenson v. Bankers' Assn. of Des Moines (Iowa), 79 N. W. Rep., 459; Insurance Co. v. Bennett, 90 Tenn., 256, 16 S. W., 723; Jones v. United States Mut. Ac. Assn., 92 Iowa, 652, 61 N. W. Rep., 485; Couadeau v. American Accident Co., 95 Ky., 280, 25 S. W. Rep., 6; Konrad v. Union C. Surety Co. (La.), 21 South., 721; Guldenkirch v. United State Mut. Acc. Assn. (City Ct. Brook.), 5 N. Y. Supp., 428. See also Elliott, Ev., sec. 111 and cases cited in note 145 under said section; Aetna Ins. Co. v. Kaiser (Ky.), 74 S. W. Rep., 203; Aetna Ins. Co. v. Milward (Ky.), 82 S. W. Rep., 364; American Ben. Assn. v. Stough (Ky.), 83 S. W., 127. Therefore the burden of proving suicide being upon the defendant, the jury was warranted in finding that suicide was not proved.

None of the assignments of error, nor propositions under them, seem to raise any question on the issue presented by defendant's plea that Boehme, after issuance of the certificate, became so far intemperate as to impair his health. If, however, such question should be deemed involved on this appeal, we hold the evidence insufficient to sustain such defense. (Equitable Ins. Co. v. Liddell, 7 Texas Ct. Rep., 253.)

There is no error in the judgment and it is affirmed.

*Affirmed.*