Clara Schumacher, Respondent, *v.* Great Eastern Casualty
and Indemnity Company of New York, Appellant.

Insurance (accident) — when  policy  construed  strictly  against
insurer — when beneficiary entitled to recover one-half of princi-
pal sum of policy, under separate and independent paragraph
thereof, for death of insured from cause named in such paragraph.

When a policy is written by the insurer, and it has the choice of language
in stating the contract, it must be held to the rule, common in con-
struing all contracts, by which the terms thereof are construed strictly
against the person whose language is used in expressing it.

The defendant by its policy insured against "the effects of bodily injuries caused directly and independently of all other causes by external, violent and accidental means, which bodily injuries or their effects shall not be caused, wholly or in part, directly or indirectly, by any bodily or mental disease, defect or infirmity," for loss of life, loss of both eyes, and other specified injuries or losses stated separately and independently when "*resulting from such injuries alone.*" A subsequent and independent paragraph is as follows: "For loss of life only resulting wholly or in part from * * * septicæmia, * * * the company will pay one-half of the principal sum" theretofore mentioned. The person whose life was insured died from septicæmia.

*Held,* that the latter paragraph is not only separate and independent in form, as stated in the policy, but that the defendant's intent and purpose in making it a part of the contract requires that it be construed separately and independently of the prior provisions thereof; that it does not refer to the preceding general provisions as to external, violent and accidental means, but is an agreement for a reduced payment in all cases of death of the insured resulting wholly or in part from the causes specified in such separate and independent paragraph.

*Schumacher* v. *Great Eastern Casualty & Indemnity Co.*, 132 App. Div. 929, affirmed.

(Submitted December 10, 1909; decided December 17, 1909.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 28, 1909, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?" The nature of the action and the allegations, so far as material, are stated in the opinion.

*Samuel H. Guggenheimer* for appellant. The policy does not cover death from septicæmia apart from accident. (*Van Bokkelen* v. *T. Ins. Co.*, 34 App. Div. 339; 167 N.Y. 590; *Æ. L. Ins. Co.* v. *Vandecar*, 85 Fed. Rep. 282; *Herdic* v. *Maryland Casualty Co.*, 146 Fed. Rep. 396; 149 Fed. Rep. 198.)

*Theodore B. Chancellor* for respondent. The clause of the policy upon which plaintiff bases her right of action constitutes a distinct and unqualified agreement on the part of

the defendant to pay the sum of $2,500 for loss of life resulting wholly or in part from septicæmia. (*Darrow* v. *F. F. Society*, 116 N. Y. 537; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Baley* v. *H. F. Ins. Co.*, 80 N. Y. 21.)

Chase, J.  The allegations of the complaint, which are material in considering the question presented by the defendant, are that the defendant issued to William H. Schumacher its policy of insurance, in and by which the defendant for the consideration therein named insured Schumacher "against the effects of bodily injuries caused directly and independently of all other causes by external, violent and accidental means, which bodily injuries or their effects shall not be caused wholly or in part, directly or indirectly by any bodily or mental disease, defect or infirmity," for loss of life, loss of both eyes and other specified injuries or losses stated separately and independently when "*resulting from such injuries alone.*"  In case of such loss of life and injuries the defendant agreed to pay specified amounts respectively as stated in certain designated schedules.

In the policy of insurance there is a separate and independent paragraph following the separate statement of specified injuries, which subsequent and separate paragraph is as follows: "For loss of life only resulting wholly or in part from sunstroke, freezing, septicæmia, hydrophobia or the involuntary or unconscious inhalation of gas or other poisonous vapor, the company will pay one-half of the principal sum provided in Schedule 'A.'"  The policy expressly provides that the sum provided to be paid for loss of life is payable to Clara Schumacher, beneficiary.  This action is brought by such beneficiary.

The complaint further alleges that William H. Schumacher is dead and that the death of said Schumacher resulted from septicæmia.  The contention of the defendant is that by the policy of insurance it does not insure against loss of life from septicæmia unless such septicæmia was the effect of bodily injury caused by external, violent and accidental means, and

that as the complaint does not allege that the death by septicæmia was the effect of bodily injury caused by external violent and accidental means it fails to state a cause of action.

The contention of the defendant makes it necessary for us to consider the intent and purpose of such separate and independent paragraph. We are of the opinion that the paragraph is not only separate and independent in form as stated in the policy, but that the defendant's intent and purpose in making it a part of the contract requires that it be construed separately and independently of the prior provisions thereof. It relates to loss of life only. It in no way refers to other injuries and losses or to disabilities. It applies only to deaths from causes that have in the past led to controversies in which great differences of opinion have been expressed by experts and others as to the liability of the insurer under the general provisions of a policy insuring against death by external, violent and accidental means. It has not infrequently been the case that beneficiaries named in accident policies have claimed the amount stated therein as payable in case of loss of life where a death has occurred from sunstroke, freezing, septicæmia, hydrophobia, involuntary or unconscious inhalation of gas or other poisonous vapors, or by drowning, choking in swallowing or the use of anæsthetics, or other similar causes, and the insurer has denied liability under the policy and asserted that the death was not caused by external, violent and accidental means and is not a loss of life insured against or for which it had promised to pay by the terms of the policy.

In case of litigation arising from such controversies, if the beneficiary named in the policy succeeded in his claim, he recovered the full amount provided in the policy as payable in case of the death of the insured (*Martin* v. *Equitable Accident Association*, 61 Hun, 467; *Martin* v. *Mfrs. Acc. Indemnity Co.*, 151 N. Y. 94; *Paul* v. *Travelers' Ins. Co.*, 112 N. Y. 472; *Landon* v. *Preferred Accident Ins. Co.*, 43 App. Div. 487; *Menneiley* v. *Employers' Liability Assur. Corp.*, 148 N. Y. 597; *Continental Casualty Co.* v. *Johnson*,

10 Am. & Eng. Anno. Cases, 851, and note; *Western Commercial Travelers' Association* v. *Smith*, 85 Fed. Rep. 401) and of course if the defendant succeeded in the action the beneficiary received nothing from the insurer.   The defendant, in view of frequent litigation against accident insurance companies upon claims for loss of life resulting wholly or in part by something so near the border line which distinguishes or divides an accidental death from one by disease, may have thought it was wiser for the insurance company and better for the insured, that in place of requiring proof that death was occasioned by external, violent and accidental means, in case of a death arising from either of the specified causes named in the special and independent provision of the policy, one-half of the amount should be paid in any event, and no question should be left for discussion or litigation between the beneficiary and the insurer in case of a death so resulting wholly or in part from such causes.

If the defendant intended by the separate clause simply to say that in case of death by sunstroke, freezing, septicæmia, hydrophobia, etc., even if it arose or was occasioned by external violent and accidental means that but one-half of the amount of the policy would be paid and that in case it was not determined that the death was the result of such external violent and accidental means, nothing whatever would be paid on the policy to the beneficiary, then by such provision the defendant wholly saves to itself one-half of the amount of the policy in case of a death resulting wholly or in part from the named causes, even if it would, except for such provision, be liable for the whole amount provided to be paid in case of death, without any corresponding benefit or provision in favor of the policyholder and the beneficiary.   There is nothing to indicate that the defendant intended simply to cut down and limit the recovery in case of death by the named causes even if arising from external violent and accidental means.   While it is possible for an accident insurance company to so reduce the recovery in case of an external violent and accidental death arising in whole or in part from the specified

causes, there is nothing in the policy read as a whole from which it may be satisfactorily argued or determined that it was so intended by the defendant in this case. The separate and independent paragraph referred to does not, as in the prior paragraphs, refer to the preceding general provisions as to external violent and accidental means.

The defendant cites the case of *Herdic* v. *Maryland Casualty Company*, as reported in 146 Fed. Rep. 396, and in 149 Fed. Rep. 199, as in favor of its contention. In that case the separate paragraph of the policy read as follows : " This policy does not cover death nor disability resulting from mineral, animal, vegetable, gaseous or any other kind of poisoning except as hereinafter stated, *but subject to its conditions* covers death or disability resulting from septicæmia, freezing, sunstroke, drowning, hydrophobia, choking in swallowing and death only as the result of an anæsthetic while actually undergoing a surgical operation at the hands of a duly qualified regular physician." It was held in that case that the separate paragraph must be construed with the previous parts of the policy, by reason of the words "subject to its conditions." The clause thus construed was intended to specify what causes of death should be excluded and what causes of death included in the prior general clause.

Where a policy insures against death resulting from septicæmia independent of all other causes, and promises to pay one-half of the principal sum specified in the policy to the beneficiary named therein, it has been held that the policy should be construed to give effect to its provisions, and that "independent of all other causes" means independently of any disease or wound other than the one producing the septicæmia, unless the latter was of such a serious character that death might have resulted had not septicæmia set in. It is immaterial in such case whether disease or a wound is the primary cause of the fatal blood poisoning. ( *U. S. Health & Accident Insurance Company* v. *Bennett's Administrators*, 32 Ky. L. R. 235 ; 105 S. W. Rep. 433.)

The paragraph of the policy now before us for consider-

ation does not include words in any way expressly or impliedly relating to the prior provisions of the policy and as the policy was written by the insurer and it had the choice of language in stating the contract it must be held to the rule common in construing all contracts by which the terms thereof are construed strictly against the person whose language is used in expressing it. (*Paul* v. *Travelers' Ins. Co., supra.*) The clause of the policy construed in this case was intended to be in the nature of a compromise between the insurer, the insured and the beneficiary, in advance, and by the contract itself, of a possible controversy arising under the policy after the death of the insured by agreeing upon a reduced payment in all cases of death of the insured resulting wholly or in part from the causes specified in such separate and independent paragraph.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.