ROSENTHAL et al. v. AMERICAN BONDING CO. OF BALTIMORE.

(Supreme Court, Special Term, New York County. May 22, 1910.)

1. INSURANCE (§ 425*)—BURGLARY INSURANCE—CONSTRUCTION OF POLICY—"FORCIBLE AND VIOLENT ENTRANCE."

Defendant by its policy of insurance agreed to indemnify plaintiffs for direct loss by burglary by any person who has made "forcible and violent entrance" upon the premises or exit therefrom, of which force and violence there shall be visible evidence. The policy further provided that the company shall not be liable unless there are visible marks upon the premises of the actual force and violence used. After plaintiffs' store had been opened by their clerks, and the door to the loft unlocked, two persons entered the loft by opening the unlocked door, assaulted one of plaintiffs' clerks, and robbed the store of a quantity of merchandise, and left the premises in the same manner as they entered. *Held*, that the goods were "feloniously abstracted" by a "forcible and violent entrance" upon the premises, and defendant would be liable on its policy, although there were no visible marks upon the premises of the actual force and violence used in making entry or exit.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 425.*

For other definitions, see Words and Phrases, vol. 3, pp. 2873–2875; vol. 8, p. 7665.]

2. INSURANCE (§ 146*)—CONSTRUING POLICY—CONSTRUCTION AGAINST COMPANY.

Where a policy is written by an insurer, and it has its choice of language in stating the contract, it will be construed strictly against the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292–298; Dec. Dig. § 146.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

One Rosenthal and others brought an action against the American Bonding Company of Baltimore, and defendant moved to set the complaint aside. Motion denied.

Ernest Hall, for plaintiffs.

Wilder, Ewen & Patterson, for defendant.

HENDRICK, J. Defendant, by its policy of insurance, agreed to indemnify plaintiffs "for direct loss by burglary of any of its merchandise * * * occasioned by its felonious abstraction from the * * * premises * * * by any person or persons who have made forcible and violent entrance upon the premises, or exit therefrom, of which force and violence there shall be visible evidence." The policy further provides, under the heading "Special Agreements," as follows:

"The company shall not be liable (a) unless there are visible marks upon the premises of the actual force and violence used in making entry into said premises or exit therefrom."

The facts in the main are undisputed. On the morning of July 27, 1907, the store of the plaintiffs was opened by two of their employés at about 7:30 o'clock, to make ready for business. The door to the loft was opened with a key. A short time thereafter, on the same day, one Kennedy, a former employé of the plaintiffs, in company with his brother, entered the loft by the same door, which was closed; they turning the knob and opening it. Then with a pistol they threatened and assaulted Goldsmith, one of the clerks, bound and gagged him, and robbed the store of silks to the value of $1,050, and left the premises in the same manner as they entered. The burglars were afterward arrested and convicted, but the goods were never recovered. There can be no doubt that the goods were "feloniously abstracted" by a "forcible and violent entrance upon the premises," and that a burglary was committed, within the meaning of section 400 of the Penal Law (Consol. Laws, c. 40). Where the door of the house is tightly closed, without being either bolted, locked, or fastened, it is burglary to open it and enter the house with the purpose of stealing. Tickner v. People, 6 Hun, 657.

There now remains but one question, whether or not the provision of the policy that the company shall not be liable, unless there are visible marks upon the premises of the actual force and violence used in making entry into said premises or exit therefrom, controls or limits the language of the policy, so as to prevent a recovery under the circumstances herein set forth. When a policy is written by the insurer, and it had its choice of language in stating the contract, it must be held to the rule, common in construing all contracts, that the terms thereof are to be construed strictly against the person whose language is used in expressing it. Schumacher v. Great Eastern C. & I. Co., 197 N. Y. 58, 90 N. E. 353. While no case has been called to my attention which is precisely like this, the courts have had occasion to construe policies of insurance, classed as accident policies, where the words "visible evidence" and "visible marks or signs" have been used. Root v. London Guarantee & Accident Co., 92 App. Div. 578, 86 N. Y. Supp. 1055,

affirmed 180 N. Y. 527, 72 N. E. 1150; Menneily v. Employers' Liability Assur. Co., 148 N. Y. 596, 43 N. E. 54, 31 L. R. A. 686, 51 Am. St. Rep. 716; United States Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60. It cannot be disputed that the policy was issued with a design to insure the plaintiffs against loss by burglary. While it is true that there were no visible marks left by the entry and exit through the door of the premises, where it is plain that a burglary occurred, and it is a fair deduction from the circumstances and facts that a loss happened as the direct result of such burglary, the policy should be construed to hold the defendant liable, where a closed door is opened to effect an entrance, even though no visible marks were left.

I think this case is within the doctrine laid down in the cases cited, and the motion to set aside must be denied.