MARGARET BROWN, as Administratrix, etc., of MICHAEL BROWN, Deceased, Appellant, v. THE NASSAU ELECTRIC RAILROAD COMPANY, Respondent.— Judgment reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event, on the ground that there was evidence which would warrant the jury in finding that the deceased was struck by defendant's car at the highway crossing, that the car was operated on a private right of way, as claimed by defendant, in the night time, at a high rate of speed, and without warning of its approach. There were no witnesses of the accident, but the burden of proof of contributory negligence, if any, was upon the defendant. (Civ. Prac. Act, § 265.) * If it be claimed that deceased did not look or listen, or that he walked into the side of the car, there is no proof that he did not look and listen, and there is no proof that he walked into the side of the car. We think these things were for the jury to pass upon. (*Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 N. Y. 234, 242; *Stump* v. *Burns*, 219 id. 306, 310; *Fagan* v. *Atlantic Coast Line R. R. Co.*, 220 id. 301, 310.) We also think it was error to exclude evidence of the statements of deceased as to where he was going when he left home to go to the fire engine house prior to the accident. (*Mullen* v. *Schenectady R. Co.*, 214 N. Y. 300; *Sackheim* v. *Pigueron*, 215 id. 62; *Landon* v. *Preferred Accident Ins. Co.*, 43 App. Div. 487; affd., 167 N. Y. 577.) Kelly, P. J., Manning and Young, JJ., concur; Kelby and Kapper, JJ., dissent upon the ground that plaintiff failed to establish a cause of action. The testimony left it wholly to inferences to determine the manner of the

---

* See, also, Decedent Estate Law, § 131, as added by Laws of 1920, chap. 919.— [REP.

happening of the accident. These inferences fail to point to the existence of negligence. If the jury had been permitted to infer that the decedent was crossing Bay Nineteenth street on Benson avenue, another inference would have had to be drawn that he was crossing sufficiently far in advance of the car as to warrant an implication of negligent operation of the car. This would have been wholly speculative. In the circumstances shown we are of opinion that the nonsuit was proper.